Martin v. Wright.

---

## JAMES MARTIN v. SAMUEL WRIGHT.

One who wishes to probe the conscience of his adversary, must bring himself strictly within the exception established by law to the rule which excludes a party from testifying in his own case.

A party to a suit can only be examined by interrogatories annexed to the petition or answer, unless with his consent. He may object to being verbally examined on the trial.

Where one of the parties to a suit is called upon to be sworn and examined on the trial, without any specific interrogatories having been previously propounded to him, he must be considered as called upon as any other witness, and be allowed to testify generally. Where the other party desires to confine his examination to certain facts, he must pursue the course pointed out by law for examinations on facts and articles.

ACTION before the Commercial Court of New Orleans, *Watts*, J.

There was a verdict and judgment against the plaintiff, and in favor of the defendant on a reconventional demand. The plaintiff appealed.

G. B. Duncan, for the plaintiff. No counsel appeared for the appellant.

MORPHY, J. A bill of exceptions which we find in the record, presents the only question to be determined in this case. On the trial below, the defendant was called upon by the plaintiff to answer verbal interrogatories touching certain advances of money, alleged to have been made to him in New Orleans by the petitioner. These interrogatories having been answered without objection, the defendant's counsel proceeded to interrogate him on all the other matters in controversy. To this the plaintiff's counsel objected, on the ground that defendant could not be made a general witness in his own case, and could only explain the facts and circumstances connected with the interrogatories propounded by the plaintiff. The judge overruled the objection, and states as the reasons for his opinion, that no formal application was made to the court to put any particular interrogatories to the defendant, but that plaintiff's counsel desired that the defendant should be sworn, and that it was only after he had been accordingly sworn and interrogated by the plaintiff, that defendant was examined as a general witness by his counsel; that in his opinion, a party may be formally interrogated on facts and articles, or sworn as a witness on the trial of a case, and that if sworn, he is thereby made a general witness. We think that the judge decided correctly, although we do not believe with him that it is optional with a party either to put formal interrogatories to the other party, or to have him sworn as a witness. To the general rule which excludes a party from testifying in his own cause, our Legislature has introduced an exception which authorizes parties to be examined on facts and articles annexed either to the petition or to the answer in the case ; and a suitor who wishes to probe the conscience of his adversary must bring himself strictly within this exception. It is clear that if the defendant had objected to his being verbally examined on the trial, his objection must have been sustained by the court. Code of Prac. arts. 347, 348. 3 La. 241. 4 Ib. 511. When the defendant was called upon to be sworn and examined on

the trial, without any specific interrogatories being put to him, he must have understood that he was desired to testify as any other witness in the case, and it was perhaps under this impression that he consented to be sworn. Had the plaintiff intended to confine his examination of the defendant to certain facts of his case, he should have pursued the course pointed out to him by law ; having neglected to do this, and having had the defendant sworn as an ordinary witness, we see no good reason why the latter should not testify generally, and without restriction in the case, in conformity with the oath administered to him.

On the merits, we find nothing in the record which makes it our duty to disturb the verdict of the jury.

*Judgment affirmed.*