ALLEN, P.
This was a writ of right, in which there was a verdict and judgment for the tenant. On the trial the demand-ant filed two bills of exceptions to decisions of the court against him. By the first bill *of exceptions it appears, that the demandant having first proved that Michael Erskine was deputy sheriff of Monroe county at the time he sold and conveyed to William Vawter under whom the demandant claimed the land alleged by him to be the land in controversy, proposed to offer a deed in evidence which is set forth in the bill of exceptions. It purports to be a deed executed by said Erskine, deputy for William Haynes, high sheriff of Monroe county, to said Vawter, and recites that pursuant to the act concerning taxes on land, passed on the 9th of February 1814, the said Erskine, as such deputy, after having given notice by advertisement in the Virginia Argus, a public paper, and at the court-house door of said county, according to law, previous to August court, exposed to sale at said court, the lands theretofore returned delinquent for the nonpayment of taxes in said county; and thereupon William Vawter became the purchaser of a tract of fifty thousand acres, which formerly belonged to, and was returned delinquent in the name of, Andrew Beirs, for the sum of five hundred and ninety-four dollars and twenty-four cents, &c. But the court refused to permit the deed to go in evidence as anything or for any purpose, save that of color of title, until the demandant should first establish that all the requirements of the law as to the sale had been complied with.
This court decided in the case of Flanagan v. Grimmet, 10 Gratt. 421, that a deed containing such recital of the circumstances of the sale, if shown to have been executed by a duly qualified officer authorized by the law to sell lands returned delinquent for nonpayment of taxes, and to execute a conveyance to the purchaser, furnished prima facie evidence of the transfer of such title to the purchaser as, at the time the land was returned delinquent, was vested in the person in whose name it was returned, his heirs, &c. *But that said deed was liable to be impeached, after the time for redemption allowed by the law had elapsed, by proof of irregularity appearing on the face of the proceedings; or by the fact appearing on the face of the proceedings, that the arrearage of taxes, for the nonpayment of which the land was sold, did not exist, according to section 38 of the act of February 9th, 1814. The onus probandi is cast upon the contesting party, to show by the face of the proceedings, such irregularity as affected the validity of the deed.
A similar principle has been established in the state of Kentucky, although .it does not appear that their law contained any provision similar to the 38th section of the act of February 1814. By the law of that state the register was directed to sell such lands at the state-house, after advertising the sale, &c. ; and he was empowered to execute deeds for the lands sold. Under this law it has been held in numerous instances, that the deed of the register, purporting to have been made for the sale of land for taxes, implies prima facie, a compliance with the requisitions of the laws under which the land was sold and the deed executed, liable to be repelled by proof that the law was not regularly pursued in making the sale; and that it is not necessary to the validity of the register’s deed that it should recite that the land had been advertised according to the statute. Allen v. Robinson, 3 Bibb’s R. 326; Graves v. Hayden, 2 Litt. R. 62; Hickman v. Skinner, 3 Monr. 210; Terry v. Bleight, Id. 271; Currie v. Fowler, 5 J. J. Marsh. R. 145. The statute in Virginia gives the same effect to the sheriff’s deed which the courts of Kentucky ascribed to the deed of the register, because he was an officer of government presumed to do his duty; and the 38th section of the act of February 9th, 1814, limits the proof to repel this prima facie presumption, to irregularities, &c., appearing on the face of the proceedings.
*The decision of the court excluding the deed, until the party offering it established that all the requirements of the law as to such sale, had been complied with, reversed this rule, and cast the onus probandi on the grantee, instead of the contesting party. In this case it is stated that the demandant having first proved that said Michael Erskine was deputy sheriff at the time of said sale and conveyance, offered the deed in evidence. The bill of exceptions does not state in so many words, that he had proved that William Haynes was high sheriff. In Rockbold v. Barnes, 3 Rand. 473, it was held that where land was sold and a deed made by the deputy sheriff, it was indispensably necessary that there should be proof that one was sheriff and the other was deputy. In Flanagan v. Grimmet it did not appear from the bill of exceptions taken to the decision of the court rejecting the deed, that any such proof had been offered. This court held under the authority referred to, that such proof was necessary. But as the bill of exceptions did not purport to set out all the evidence, and as it appeared that the court, when the deed was first offered, rejected it as evidence, for objections appearing on the face thereof, thereby precluding any further proof in relation thereto, if such proof had not been offered or waived; the court below deciding upon the invalidity of the deed alone, and the bill of exceptions intending to present for revision the single question so decided; this court considering that decision erroneous, reversed the judgment, and remanded the cause for a new trial, with instructions to admit the deed as prima facie evidence of such title as, according to the 37th section of the said act, it purported to vest in the purchaser, upon proof that the person therein named as sheriff, was sheriff, and the other *264 was deputy sheriff. In this case, perhaps by a liberal construction of the bill of exceptions, it might be considered there was such proof, as it sets out that there was proof that Michael Brskine *was deputy, from which it might be inferred there had been proof that William Haynes was high sheriff. But be that as it may, the bill of exceptions shows that no objection was made to the deed on that account. The proof may have been offered, or have been waived, or probably if required, could readily have been supplied, if the deed had not been rejected for the purpose for which it was offered, on other grounds. Those grounds are set forth, and the bill of exceptions was designed to present for revision in the appellate court the correctness of that decision. In the judgment of the court, upon the question thus raised there was error, according to the decision of this court in the case referred to: it not being incumbent on the purchaser holding under such a deed to do more to entitle .himself to the benefit thereof, than prove its execution and the official characters of the sheriff and deputy sheriff.
I think the court erred also, in excluding the deposition set forth in'the second bill of exceptions upon the ground that it was not properly authenticated. The case falls within the principle decided in Pollard’s heirs v. Lively, 2 Gratt. 216, which held that a certificate such as is found in this case, headed with the state and county, and signed by the party taking the deposition with his name and the letters J. P. is sufficient evidence of the fact that the deposition was taken by a justice of the peace.
The other judges concurred in the opinion of ALLEN, J.
Judgment reversed.