# Wright *versus* Waters.

A deposition was taken under a rule of court, which provided that notice of taking depositions, without the county, should be sufficient, if it stated particularly the time and place of taking the same, and gave the name of the examining magistrate, or stated generally that the same would be taken by some competent authority, in and for the county in which such depositions were to be taken; the notice was, that the deposition would be taken at a certain time and place, before P. A. W., Esq., or some other competent authority; the caption stated, that it was taken at the office of P. A. W., a justice of the peace, at the time specified, in obedience to the rule and notice annexed; and the certificate was, that the witness had been qualified and examined before "G. H. Starr, J. P.:" *Held*, that the official character of G. H. Starr sufficiently appeared, to admit the deposition to be read in evidence.

ERROR to the Common Pleas of *Warren county.*

[Wright *v.* Waters.]

This was an action of covenant by Sterling Waters against James H. Wright. And the only question in the cause was, as to the admissibility of the deposition of John A. Haney, a witness on behalf of the plaintiff.

The rule of court, under which the deposition was taken, provided as follows :—" Rules to take the depositions of witnesses, out of the county, may be entered by either party, reasonable notice, not less than ten days of the time of taking the depositions, having been given to the opposite party, if he lives in the county, and if without, to the attorney on record, or the party. And depositions so taken may be read without subpoenaing the witness. Rules to take the testimony of ancient, infirm, and going witnesses, without the county, may be entered by either party, reasonable notice being given to the opposite party, or in his absence to his attorney, but such depositions shall be taken *de bene esse.* The notice for taking such depositions shall be sufficient, if it state particularly the time and place of taking the same, and giving the name of the examining magistrate, or stating generally that the same will be taken by some competent authority in and for said county in which such depositions are to be taken."

On the 15th July 1858, the plaintiff entered a rule to take the depositions of witnesses, under this rule, and gave the following notice to the defendant :—

| | |
|---|---|
| STERLING WATERS *v.* J. H. WRIGHT. | Common Pleas of Warren Co. Number 15. September Term 1857. |

And now to wit, July 15, 1858, rule on the part of the plaintiff, to take the deposition of absent, ancient, infirm, and going witnesses, on reasonable notice, to be read in evidence on the trial of this cause.

Penna., Warren Co., ss :

   Extract from the record.

                  THOS. CLEMONS, *Prothonotary.*

To the above-named defendant or his attorneys:

Please to take notice that, in pursuance of the above rule of court, the depositions of witnesses, on the part of the plaintiff, to be read in evidence on the trial of the above entitled cause, will be taken at the office of Paul A. Way, Esq., in the township of Sewickley, and county of Allegheny, before Paul A. Way, Esq., or some other competent authority, on the 5th day of August, A. D. 1858, between the hours of 10 o'clock A. M. and 8 o'clock P. M. of said day; when and where you may attend, to cross-examine the witnesses, if you think proper.

                  SCHOFIELD & BROWN,
                     *Plaintiff's Attorneys.*

[Wright *v.* Waters.]

The caption of the deposition was as follows:—

"Deposition of John A. Haney, produced, sworn, and examined at the office of Paul A. Way, justice of the peace, in Sewickley township, Allegheny county, Pa., on the 5th day of August, A. D. 1858, between the hours of 10 o'clock A. M. and 8 o'clock P. M., in obedience to the rule of court, and notice hereto attached, to be read in a cause depending in said court, in which Sterling Waters is plaintiff, and J. H. Wright, defendant."

And at the end of it was the following certificate:—

"I certify that the above witness was duly qualified and examined, at the time and place stated in caption, and subscribed his deposition in my presence.

"G. H. STARR, *J. P.*

"Sewickley Township, 5th Aug. 1858."

The defendant's counsel objected to the admission of this deposition in evidence, on the ground that there was no evidence that the person before whom it was taken was a justice of the peace; that the initials J. P., at the end of his name, were not sufficient evidence that he was one.

The court below (DERRICKSON, J.) overruled the objection and admitted the deposition in evidence, to which the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $162.59, the defendant removed the cause to this court, and here assigned the same for error.

*R. Brown,* for the plaintiff in error, cited Berks County *v.* Ross, 3 *Binn.* 543; Phillipi *v.* Bowen, 2 *Barr* 20; Selin *v.* Snyder, 7 *S. & R.* 172; Vickroy *v.* Skelley, 14 *Id.* 372; Share *v.* Anderson, 7 *Id.* 63; McKim *v.* Somers, 1 *Penn. R.* 297.

*W. D. Brown,* for the defendant in error, cited Willink *v.* Miles, 1 *Pet. C. C.* 429; Goddard *v.* Gloninger, 5 *Watts* 219; Fuhrman *v.* London, 13 *S. & R.* 386; 1 *Phil. Ev.* 170; 3 *Johns.* 431; 1 *Bouv. L. Dict.* tit. *Abridgment,* p. 28.

The opinion of the court was delivered by

STRONG, J.—The certificate is doubtless very imperfect. And it is not without some hesitation that we hold it to furnish sufficient evidence, that the deposition was taken before competent authority. In civil proceedings, the official character of one who acts as a public officer, is presumed from his so acting. On this principle, it is always held, that the certificate of a person that he has received the acknowledgment of a deed, is sufficient, if he styles himself a justice of the peace. His assertion of his own official character, in connection with an official act, is received as affording a presumption, that he is, what he claims to be. So, if G. H.

[Wright v. Waters.]

Starr, before whom this deposition was taken, had with his certificate avowed his official character; if he had styled himself "justice of the peace," undeniably, it must have been presumed, that he was such. Yet, if he had signed a letter, " G. H. Starr, justice of the peace," it would not have been even *primâ facie* evidence, between other parties, that he was a magistrate; because, in that case, the signature would not have been in connection with an official act. Now, the person who took this deposition and who certified it, performed an act official in character; an act which could lawfully be done only by one who had competent authority to administer oaths and take a deposition. The caption and certificate state that it is the deposition of a witness, sworn and examined in obedience to the rule of court and notice, at the time and place stated in the caption, and subscribed, in the presence of the certifier, G. H. Starr, J. P. The notice was to take the deposition before Paul A. Way, or some other competent authority. If, as certified, the deposition was taken at the time and place designated, and the witness was produced, sworn, and examined, "*in obedience to the rule of court and notice,*" it would seem that it must have been taken before competent authority; and Mr. Starr's certificate may perhaps be considered as an averment that he had competent, authority to administer oaths and take a deposition. But this is not all. He signs the certificate G. H. Starr, J. P. It is said, that the court could not presume from the initials J. P., that the examiner was a justice of the peace; that they may have meant something else. But do they not furnish ground for a reasonable intendment that Mr. Starr was a justice? We cannot close our eyes to the fact, that such is the common mode by which justices of the peace are designated. In Thompson v. Stewart, 3 *Conn.* 171, it was held, that when the person before whom a deposition was taken in another state, subscribed his name to the certificate, annexing thereto the letters J. P., and the deposition was accompanied by a certificate of the county clerk, authenticated under the seal of the county, that such person was a justice of the peace, such certificate and the official character of the magistrate were sufficiently authenticated. Ch. J. HOSMER, in delivering the opinion of the court, remarked: " The letters J. P. subjoined to the name of the person who took the deposition, when coupled with the accompanying certificate of the clerk, most obviously denote his official capacity, and so evidently were intended for the words *justice of the peace,* that no person would hesitate to decipher them by this expression." It is true, that here there was a certificate of a county clerk, but it is not perceived, that it was any better on that account. Such a certificate was no evidence of the fact certified. So, in Pollard v. Lively, 2 *Gratt.* 216, where a person taking a deposition under a regular commission and notice, certified that the deposition was taken before him, and signed his

[Wright *v.* Waters.]

name to the certificate with the addition of the letters J. P., it was held that it sufficiently appeared, that he was a justice of the peace. The same thing was ruled in Hobbs *v.* Shumates, 11 *Gratt.* 516. We have no decision in Pennsylvania directly upon the question. In Waugh *v.* Shunk, 8 *Harris* 130, a deposition was rejected because it nowhere appeared on its face, or by the accompanying certificate, that it was taken by a person qualified to administer oaths. No official character was claimed by the certifier, and the deposition was not even certified to have been taken in pursuance of the notice. The case, therefore, bears no resemblance to the present. Here the record does exhibit enough to warrant a reasonable intendment that Mr. Starr had competent authority.

The judgment is affirmed.

WOODWARD, J., dissented.