LYONS, Judge.
Delivered the resolution of the Court, that the depositions were not admissible, and, therefore, *425 that the judgment ought to be reversed. That if there be a recovery by verdict against tenant for life, this is no evidence against a reversioner. Buller’s N P. 232, cites Yelv. [23, Brode v. Owen,] and by parity of reasoning, the depositions in the present case ought not to have been read in evidence.
The judgment was as follows: “ The Court is of opinion that the said judgment is erroneous in this, that the said Court permitted the depositions of Benjamin Scott and Anthony Perryman taken in an action brought by the appellant Rachel, against one Justice Beadles, for a trespass supposed to have been committed by the said. Beadies on the premises now in dispute as stated in the bill of exceptions, filed in this suit, to be read in evidence on the trial against the appellant John, who was not a party in the action of trespass aforesaid, and does not claim or hold the said premises from or under the said Rachel Rowe or Justice Beadles, and who, not having had the liberty of cross-examining the said witnesses, should not be injured or bound by what he was not allowed to contest. Therefore, it is considered that the said judgment be reversed and annulled, and that the appellants recover against the appellee their costs by them expended in the prosecution of their appeal aforesaid here, and it is ordered, that the jurors’ verdict be set aside, and a new trial be had in the cause, and that on such trial the said District Court do not permit the depositions aforesaid to be read in evidence.”
Judgment reversed.