Allen, J.
This is an action of debt brought by the endorsees against the endorser upon two bills of exchange drawn and made payable in Cincinnati, and protested for nonpayment. On the trial the appellant, the defendant in the court below, took two bills of ex *32 ceptions. The first sets out, that on the trial the appellees introduced evidence to prove the handwriting the endorser, and offered in evidence the bills, with ^ pr0-fcests attached; and introduced evidence tend-Proye ^ police °f protest; to the introduction of all which evidence the appellant objected; but the court overruled his objection, and allowed the same to go to the jury; and the appellant excepted.
This exception we think was properly overruled on account of its generality. It is not the province of the court to search out from the whole mass of evidence something which may be objectionable. It is the duty of the party to lay his finger on the testimony and object to it specifically. Any other course would lead to surprise on the other side. Evidence of a secondary nature may be permitted to go to the jury from a knowledge that a party has it in his power to lay a proper foundation for it; but upon a general objection setting out the whole .or the great mass of testimony, it may seem that portions of the evidence are improper; whereas if specifically objected to at the proper time, the objection might have been obviated, or the evidence excluded.
After the verdict, the appellant moved for a new trial, and his motion being overruled, he took a second bill of exceptions setting out all the facts proved on the trial. It becomes necessary to consider so much only of this bill of exceptions as shows the times at which the bills arrived • at maturity, and the proof touching the notice to the endorser of the protest for nonpayment of the bill at three months. It appears that this bill arrived at maturity, was presented for payment, and protested for nonpayment on the 1st of February 1850 : That a notice of protest dated at Cincinnati on the 1st of February 1850, was sent by mail to the cashier of the Bank of Virginia at Charleston, Kanawha county, Va., was received on the night of *33 the 7th February, enclosed in a letter post marked Cincinnati, Ohio, and handed by the witness to the appellant on the next day. It was further proved that a letter would arrive at Kanawha court-house in four or five days after it was mailed in Cincinnati, if it came by the direct route. If sent by another route, a letter might be ten or twelve days on the way; or that it might be, and letters sometimes were, delayed at Chilicothe, Ohio, by the regulations in regard to the departure of the mail on the regular route from Cincinnati. Upon this proof the question arises whether the appellant had due notice of the dishonor of the bill. The Bank of Virginia at Charleston, Kanawha, is to be treated as a distinct holder, the bill having been placed there for presentment and collection; and notice was given by it in due time after it was received from Cincinnati. But it seems to me there is not sufficient evidence of the time of the transmission of the notice of the dishonor of the bill from Cincinnati. The party not residing in or near the city of Cincinnati, a notice sent by the mail of the next day, or the next practicable mail, would be sufficient. And the burden of proving a reasonable notice is on the plaintiff. It is, where notice is required, a condition precedent to his right to recover, and he must show a strict performance. .In this case it does not appear whether there was a daily mail between Cincinnati and Charleston or not, nor when the notice was put in the post office to be mailed. It is dated on the 1st and was received on the night of the 7th of February; and the proof is that a letter would arrive at Kanawha court-house (Charleston) in four or five days after if was mailed at Cincinnati if it came by the direct route. The notice might therefore have been placed in the office and mailed on the morning of the 4th and have arrived after night on the 7th, according to this evidence. Being protested on the 1st, it should have been placed in the office to be sent *34 by the mail of the next day, unless that was Sunday, an<l if so> by the mail of the third of February if was such mail, or if not, by the next practicable mail; and it was incumbent on the plaintiff below to si10w time ^ was so placed in the office to be mailed.
The case is similar in principle to the case of Lawson v. Sherwood, 1 Stark. R. 314, 2 Eng. C. L. R. 405, cited in 2 Greenl. Evi. § 186. There the witness proved he had sent a letter containing the notice two or three days after the dishonor of the bill, but could not say whether it was two or three days. Notice on the second day would have been sufficient, but the third day was too late. Lord Ellenborough held the proof insufficient; that the onus probandi in such cases lies upon the plaintiff, and he must show the notice is sufficient. In this case the notice may have been put in the office to be mailed on the 2d and not have been received until the night of the 7th; if so, it would have been sufficient :■ but it might have been put in the office and mailed on the 3d or 4th and received at the same time; if so, it was too late, unless that was the first mail after the dishonor of the bill. And these were matters which the plaintiff was bound to prove, and probably could have done so by an examination of the notary. I think, therefore, the court erred in overruling the motion, for a new trial.
The declaration which contained but one count upon both bills, demanded interest on the costs of protest, and damages after the rate of three per cent, on the principal sum due. The verdict allowed and the court gave judgment for the interest and damages. The three per cent, damages upon the principal, and the. interest upon the costs of protest were claimed under .the 9th and 11th sections of the Code of 1849, p. 582. Both of the bills had arrived at maturity before the mew Code went into operation; and we think the rights *35 and liabilities of tbe parties are to be ascertained and measured by tbe laws in force at tbe time of tbe matnrity and dishonor of tbe bill, when tbe cause of action accrued; and that both for allowing tbe three per cent. damages, and tbe interest on tbe costs of protest, tbe verdict should have been set aside, and tbe judgment was erroneous. In Whitworth v. Adams, 5 Rand. 333, tbe allowing interest on tbe costs of protest was decided to be erroneous.
In this case there was a general demurrer to tbe declaration, which was not directly passed upon by tbe court below. Tbe appellant has not in bis assignment of errors objected to tbe insufficiency of tbe declaration ; and as tbe case must go back for a new trial, and tbe plaintiff can there amend bis declaration, it is not considered necessary to express any opinion upon tbe demurrer. I am, for tbe reasons aforesaid, of opinion that tbe judgment be reversed, tbe cause remanded for a new trial, and with leave to tbe appellees to amend their declaration.
Daniel and Samuels, Js. concurred in tbe opinion of Allen, J.
Moncure, J. dissented.
Tbe following is tbe judgment of tbe court:
It seems to tbe court here that tbe burden of proving due notice of tbe dishonor of tbe bill devolved upon tbe defendants in error, tbe plaintiffs in tbe court below, and tbe proof set forth in tbe bill of exceptions to tbe decision of tbe court overruling tbe motion for a new trial, does not show that due notice of tbe dishonor and protest of tbe three months bill of exchange was placed in tbe office to be transmitted by tbe mail of tbe 2d and 3d day ensuing such dishonor and protest, or tbe earliest practicable mail thereafter. And *36 it furthermore seems to the court that there was error ^ allowing interest on the costs of protest, and 60 damages on the principal.sum in said bills men-^|one(j) feeing three per centum, thereon. It is therefore considered that the said judgment be reversed and annulled, with costs to the plaintiff in error; that the verdict be set aside and the cause remanded, with leave to the defendants in error to amend their declaration, and for a new trial.