Bouldin, J.,
delivered the opinion of the court.
This case is before us on a writ of error to a judgment of the Circuit court of Madison county, at a special term thereof, held in August 1870, in an action on the case brought by the appellant against the appellees, to recover damages for injury alleged by the appellant to have been done to his land by a dam alleged by him to have been illegally erected across the stream below, by one George Ficklin, under whom the appellees claim, and continued by said appellees down to the institution of the suit; *37 and the single defence was, that the defendants were protected in their alleged right to continue said dam by lapse of time. It very plainly appeared that the dam was not erected under any order of court; and the right set up under an adversary use of the easement for more than twenty years constituted the entire defence. The injury to the land of the plaintiff was plainly proved. The land was sobbed and rendered unfit for cultivation.
Under the rulings of the court, some of which were excepted to on both sides, the jury rendered a verdict of not guilty, which was approved by the court; and a judgment rendered for the defendants; and the case comes before this court on a writ of error and supersedeas to that judgment.
The deposition of the appellant Field was taken, to be *read, de bene esse; and the first error assigned was 'to the exclusion by the court of certain questions and answers in that deposition.
The defendants moved to exclude the questions and answers on the examination in chief from the 6th to the 20th inclusive, the 22d and the last paragraph of the 21st; and also questions from 8 to 12 inclusive on cross-examination, and. the answers thereto, upon the ground that George Ficklin, under whom defendants claim, is now dead, but was alive at the period referred to in the questions, and was a party to the transaction which was the subject of investigation.
The court sustained the exceptions to all the questions and answers aforesaid, except to the answers to the 16th, 17th, 18th and 19th questions in chief, to the last paragraph of the 21st, and to a portion of the 13th. And this ruling formed the subject of the appellant’s first exception. The defendants excepted to the same ruling, because the court did not sustain all their exceptions. These exceptions, on both sides, are embraced in the first bill of exceptions.
This court is of opinion that there was no error in excluding the 6th, 7th, 8th, 10th and 12th questions and answers in chief. These related to the acts and declarations of Ficklin; and he being dead, it was not competent to prove them by the appellant. But we are of opinion that the Circuit court erred in sustaining the defendant’s exceptions to the other questions and answers in chief or any part thereof. The questions and answers did not relate to declarations of Ficklin to conversations between him and the appellant Field, or to transactions between them. They had reference to the condition of the appellant’s land, the character of the stream, the effect of the dam on the stream and adjacent land of appellant, and other independent facts, as to *which his testimony, if untrue, could be rebutted by others as readily as by Ficklin. Such testimony does not come within the principle on which the exclusion was asked.
The court is further of opinion, that the court below erred in excluding, on the motion of the defendants, the appellants’ answers to their own questions from 8 to 12 inclusive, on the cross-examination. There is, perhaps, but one of these questions, No. 8, that would have come within the rule of exclusion, had it been propounded by the appellant. That question seems to have been based on something appellant' had at some time said, or was supposed to have said, but which he certainly had not proved as a witness; and whilst he could not legally prove such fact, Ficklin being dead, it was certainly competent to the defendants, claiming under Ficklin, to call for it from him. This they have done ; and there would seem to be no propriety in excluding, at their motion, the answers to that arid the other questions aforesaid, propounded by themselves.
The next error assigned by the appellant, is to the exclusion of the testimony of Henry S. Field, as set forth in the second bill of exceptions.
It appears that after the death of Ficklin, one Mozingo rented the mill; and in the last year of his tenancy, 1856, H. S. Field, a son of the appellant, who attended to his business, heard a knocking at the dam, and found Mozingo fastening on the comb of the dam a log about .ten or twelve inches thick. Field, in the name of his father, forbid the proceeding, and was proceeding to state what passed between him and Mozingo, when he was arrested by a motion, by the1 defendants, to exclude the testimony; which was sustained by the court: and the appellant excepted. The appellant then asked the witness the following question: “At the time referred *to, did Mozingo claim it as a right to put said log across the dam, or simply ask it as a privilege, and for a short time?” This question was objected to by the defendants, and excluded by the court; and the appellant again excepted: And these two exceptions form the subject of the second bill of exceptions.
It will be observed that the log referred to was placed on the dam prior to the purchase of the property by the defendants; and it had been proved by the appellant that this log was on the dam when it went into the possession of the defendants, and had not been removed; that Mozingo, who had put it on the dam, had promised the appellant to remove it, but had failed to do so. It must be remembered also, that defendants relied only on a prescriptive right to the dam, as it was, which they sought to maintain by proof of adversary possession thereof for more than twenty years, under such circumstances as would create the presumption of a grant. Such evidence is presumptive only, and not conclusive; and may always be rebutted by evidence showing that the adversary use and enjoyment relied on was not acquiesced in, but the right thereto contested; and any evidence tending to show such resistance is proper evidence to rebut the presumption. Nichols v. Aylor, 7 Leigh 546.
If a mere denial of the right of the de *38 fendants to the use and enjoyment of the dam within the period of prescription is proper evidence to-rebut the presumption, a fortiori, would such denial be proper testimony, accompanied by acquiescence therein to a certain extent, on the other side, and an arrangement between the parties for a temporary raising of the dam, and the use thereof as thus raised, for a limited period. Such was the testimony sought to be elicited from H. S. Rield. He was present when the dam was thus being raised; forbid the ^raising thereof; but was prevented by the court from disclosing the conversation with Mozingo, who raised the dam, at the time of the act, and from proving whether or not Mozingo claimed it ag his fight or asked it as a privilege to put on the log. We are clearly of opinion that the entire conversation of Mozingo, occurring at the time of the act aforesaid, was. proper evidence as part of the “res gestae;” and that the court erred in excluding that conversation, and the question subsequently propounded to the witness.
The court is further of opinion, that there was no error in the rulings of the court below-, set forth in the plaintiff’s 3d, 4th and Sth bills of exception.
In the progress of the trial the defendants not having been able to secure the attendance of a witness, Rayette Mauzy, clerk of the county court of Culpeper county, by consent of the plaintiff, read to the jury a statement or certificate, in writing, prepared and signed by said Mauzy, and sent to counsel as his testimony. The defendants, then asked to be allowed to prove by one of. their counsel, D. A. Grimsley, that the-c.ertificate failed to state one or more facts, which had been deposed to by Mauzy on a. previous trial, and What those facts were;. to which the plaintiff objected; but the court overruled the objection, and allowed the witness to prove that one fact deemed material by defendants had been deposed to by Mauzy at the previous trial, and was omitted in his certificate; but would not allow the witness to state .what that fact was. To this ruling the plaintiff excepted; and this constitutes his 6th exception.
We do not see how this ruling of the court operated seriously, if at all, to the prejudice of the appellant; but we regard it as plainly erroneous. The defendants having themselves. introduced the written statement of their, own absent witness, in lieu of his personal attendance, *are not at liberty to discredit that .statement by proving that it was variant from the witness.’ statement on a former trial. They were not compellable to read the statement; but having voluntarily done so, it became their own testimony; and it was error to allow them to impeach it to any extent.
The 7th exception of the plaintiff was to the exclusion by the court, as evidence on the trial, of the record of a suit brought by Rield, in the. Circuit court of the county of Culpeper, in June 1855, against the personal representative of George Ricklin, dec’d, to recover damages for the injury done his land in Ricklin’s lifetime, by the dam aforesaid; and in which judgment had been rendered for the plaintiff. This record was offered, not as evidence to conclude the defendants, but for the purpose of rebutting the testimony introduced by the defendants to prove a prescriptivev right to their dam. But the defendants moved to exclude it; and their motion was sustained by the court. In this we think the court erred. ' The injury for which the suit was brought was not the original erection of the dam in 1825, but was the result of the dam, as renewed and raised above its former height in 1845 or 1846. Both dams being wholly on the land of Ricklin, and no injury having resulted to the appellant from the dam of 1825, he had no cause of action by reason of the erection of that dam. It was the renewed dam of 1845 or 1846 which caused the injury of which he complained; and that is the dam for the use and enjoyment of which the defendants attempt to show a prescriptive right. To rebut such presumption, we have already seen that a denial of the right within the period of prescription is proper evidence; and we can conceive of no higher evidence of a denial of the right claimed, than a suit instituted within ten years from its inception, to recover damages for the exercise of *the supposed right, and a successful prosecution thereof to final judgment. We are of opinion, therefore, that the record aforesaid was proper rebutting testimony, and that the court erred in excluding it.
It may be necessary to dispose of the defendants’ exceptions in this case; but the court is further of opinion, that there was no error in the ruling of the Circuit court as set forth in their first and second bills of exception: but we are inclined to think that it was error to admit the parol testimony set forth in the defendants’ fourth bill of exceptions. The plaintiff was allowed to prove by parol evidence, not only the pendency, but the object, of a pending suit. Of that object, being matter disclosed by the record, we think the record itself the best, if not the only evidence.
After the evidence and arguments of counsel on both sides had been fully heard, the court was asked by the plaintiff to give to the jury the following instructions:
1st. If the jury believe, from the evidence, that the mill-dam and abutment of the defendants at Castleton was built without an order of court, or without the return of the inquest of a jury of ad quod damnum, and that the lands of the plaintiff have been injured by the building of said dam and abutments, then they must find for the plaintiff,
2d. If the jury believe, from the evidence, that the dam and abutment at Castleton, across Hazle river, was built under an order of court, and upon the return of an inquest of a jury of ad quod damnum, and that the lands of the plaintiff have been injured thereby, they must find for the plaintiff, unless they believe, from the evidence, that *39 the injuries to the plaintiff’s land were actually foreseen and estimated for by said jury of ad quod damnum.
*3d. If the jury believe, from the evidence, that the dam and abutment of defendants across the Hazle river, at Castleton, were built without authority of law, and in pursuance of the act of assembly, and that thereby the lands of the plaintiff have been injured, then the said dam and abutment constitute a private nuisance; and each day they are continued creates a fresh nuisance, for which the plaintiff has a right of action against the defendants, and is entitled to recover any damages sustained between the 6th of April 1863, when the notice to abate was served, and the date of the writ in this suit.
4th. If the jury believe, from the evidence, that George Picklin, and those under whom he claimed, had legal authority to build the dam across the Hazle river at Castleton, at the point P on the diagram of A. Tutt, made under the order in this cause, and that said Picklin, in .his lifetime, abandoned the dam at P, and built another dam across said river two hundred and thirty-one yards below the point at P, without authority of law, then the said dam last mentioned is an illegal structure, and the plaintiff is entitled to recover for any injuries done his lands by reason of the continuance of said illegal structure in the said river by the defendants.
5th. The court further instructs the jury, that the right to a dam at 1 ‘P, ’ ’ on the diagram of the survey of A. Tutt, made under an order in this cause, and known as the ‘ ‘old dam, ’ ’ which did no injury to the lands of the plaintiff, conferred no right to a dam at “O,” on said diagram, known as the “new dam,” which does injure the lands of the plaintiff. And if the jury believe, from the evidence, that the lands of the plaintiff are injured by the dam of the defendants at “O,” then they must find for the plaintiff, unless they believe that the last mentioned dam was built by authority of law, and the *said damages to the plaintiff’s lands were foreseen and estimated for by the jury of ad quod damnum.
And the defendants moved the court to give the following:
1st. Defendants move the court to instruct the jury as follows: If the jury believe, from the evidence, that the dam and mill in the declaration mentioned were erected by George Picklin, dec’d, in the year 1824, or prior thereto, and that ' from the date of their erection he claimed and held the possession, use and enjoyment thereof, and of the water power on Hazle river afforded by said dam and used in the working of said mill, adversely and uninterruptedly as to the plaintiff and those to whom he is and was in privity, for twenty years from the period of such erection, then the said Picklin had, and those claiming under him have, a lawful right to continue the said possession, use and enjoyment of said dam and mill.
2d. If the jury believe, from the evidence, that in the year 1845 George Picklin claimed to be the owner of the dam and mill in the declaration mentioned, and had so claimed and held adversely to the plaintiff for twenty years prior thereto, and in the said year 1845, or subsequently thereto, he raised the said dam higher than it had been previously thereto; and also believe that the injury to the lands of the plaintiff, in the declaration specified, was thereby occasioned, inasmuch as the plaintiff’s declaration does not cover said raising of the dam and damages arising therefrom, he has no right to recover said damages in this action, and they must find for the defendants.
3d. The jury are instructed to disregard as inadmissible, under the pleadings and issue in this cause, so much of the evidence as pertains to the proposition, that the dam in question has, since its original erection, been *raised ahove its original height, and as pertains to the proposition, that the plaintiff’s lands have been damaged by such raising of the dam.
But the court refused to give any of the instructions asked by the plaintiff; and refused to give numbers 1 and 3 asked by defendants; but gave the defendants’ 2d instruction, and added the following:
If the jury believe, from the evidence, that George Picklin erected the mill and dam and abutment referred to in the declaration, and that thereafter the said Picklin and parties claiming under him, continued in the exclusive and uninterrupted possession and enjoyment of the said mill and dam and abutment and water-power of Hazle river, afforded by said dam and used in the working of said mill, with claim of right and title thereto, from a period more than twenty years prior to the’ institution of plaintiff’s suit v. A. J. Coons and wife, (who inherited the property from Picklin, and through whom the defendants claim title,) now pending in the Circuit court of Culpeper county, Va., up to the time of the institution of the said suit, such possession, use, &c., entitle the defendants in this action to the benefit of the presumption that the construction of said mill and dam and abutment was authorized by law; and as there is no evidence to the contrary, presented to the jury, they must presume that the plaintiff and those under whom he derives title to the lands alleged to have been damaged, was at the time of the erection of the mill, &c., or prior thereto, fully compensated for- all injury which might be occasioned by such mill-dam and abutment, to his lands; and they must find upon the issue joined in this cause for the defendants.
To this action of the court the plaintiff excepted; and on his motion, the court certified all the evidence on which the instructions asked for and given were based. *We are of opinion, that there was no error in the refusal of the court to give the instructions moved by the plaintiff, in the form in which they were presented. They are, all of them, evidently based on the assumption that there can be *40 no legal dam across a water course, unless established by legal proceedings under the act of assembly; ignoring entirely rights acquired by actual grant, by permission and by prescriptive right, derived from long use and enjoyment. They were properly rejected, therefore, by the court. We are also of opinion that there was no error in refusing to give the 1st and 3d instructions moved by the defendant.
The first instruction ignores utterly the important distinction between lapse of time as evidence, and lapse of time as a bar. In the latter case, it is conclusive; in the former, presumptive only, and liable to be rebutted by circumstances. The case before us is of the latter character. In the case of Nichols v. Aylor, 7 Leigh 546, already cited, this court held, 1st: that “the use and enjoyment, by the defendant and those under whom he claimed, although it was exclusive and adversary, and existed for more than twenty years, was not conclusive evidence of the defendant’s right; but presumptive merely: Secondly—that evidence tending to show that such use and enjoyment was not acquiesced in, but the right thereto contested, was proper evidence to rebut the presumption.” Such rebutting evidence is abundant in this record; and it would have been plainly erroneous to declare that twenty years exclusive and adversary use and enjoyment of the easement was conclusive of the right. The instruction was, therefore, properly refused.
Nor was there error in refusing to give the defendants’ 3d instruction. That instruction affirmed that under the pleadings in the cause, evidence to show that since the original erection of the dam it had been raised in *height, and that injury to plaintiff’s land had resulted therefrom, was inadmissible. This instruction, although directly pertinent to the facts, the court refused to give, and we think properly; thereby affirming, in effect, that such evidence was admissible under the pleadings.
But we are of opinion that the court did err in giving the second instruction moved by the defendant; and also in giving the instruction added by the court.
The second instruction, affirms, substantially, but in different form, what was dis-affirmed by the court in its refusal to give the third instruction. It affirms, in substance, the proposition that if Ficklin, prior to 1825, had erected a dam across the stream which did no injury to the plaintiff, and held and used this dam adversely until 1845, and then repaired the dam-and raised its height so as to injure the lands of the plaintiff, that this raising, and the injury resulting therefrom, was not covered by a declaration counting on said act as an erection of a dam, and claiming compensation for damages resulting from the continuance thereof by defendants. We think the declaration does cover the case; and the court below had itself so decided, in refusing to direct the jury to disregard the evidence tending to establish the raising of the dam in height since its original erection, and the injury resulting therefrom.
The court erred, also, in giving the last instruction prepared by the court. It decides, instead of leaving that question to the jury, that there was no proof to rebut the presumption of a prescriptive right, and gives substantially the first instruction asked by the defendant, which we have already seen had been properly rejected. The law should have been laid down by the court, as it was held to be in Nichols v. Aylor, above referred to.
^Judgment reversed, with costs to the appellant; and cause remanded to the Circuit court of Madison county, to be further proceeded in, according to the principles above declared.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the Circuit court erred, to the prejudice of the plaintiff in error, as follows, viz:
First. In sustaining the defendants’ in error exceptions to any of the questions and answers in the deposition of the plaintiff in error, either on his examination in chief or on cross-examination, except to the 6th, 7th, 8th, 10th and 12th questions, and answers in chief, as set forth in the plaintiff’s in errors first bill of exceptions.
2dly. In excluding the testimony of Henry S. Field, in relation to his conversation with Mozingo, as set forth in the plaintiff’s in error second bill of exceptions; all that passed between the witness and Mozingo, at the time of and relating to the act of Mozingo therein referred to, was proper evidence as part of the res gestae.
3dly. In allowing the defendants in error, after they had, with the consent of the plaintiff in error, introduced and read to the jury, the written statement of an absent witness of their own, to prove by one of their counsel, that at a former trial of the cause, this witness had stated a material fact not contained in his written statement, as set forth in the plaintiff’s in error sixth bill of exceptions. The defendants in error should not have been. allowed to discredit that written statement in any respect whatever.
4thly. In excluding from the jury, as rebutting evidence, the record set forth in the plaintiff’s in error seventh bill of exceptions : That record, for the purpose *for which it was offered, was proper testimony, and should have been admitted.
5thly. In giving to the jury the second instruction moved by the defendants in error, and in adding thereto the instruction prepared by the court, as set forth in the plaintiff’s in error eighth bill of exceptions. On the facts of this case the court should have instructed the jury, in substance, as follows, it being the law of the case, as laid down in Nichols v. Aylor, 7 Leigh 546. The use and enjoyment of the dam in question by the defendants in error, and those under whom they claim, although it may have been exclusive and adversary, and had *41 existed for more than twenty years, is not conclusive evidence of the defendants’ in errors rig-ht, but presumptive merely; and evidence tending to show that such use and enjoyment was not acquiesced in, but the right thereto contested, is proper evidence to rebut that presumption.
The judgment of the Circuit court is reversed, with costs to the plaintiff in error; the verdict of the jury set aside, and the cause remanded to the Circuit court, for a new trial to be had therein, in accordance with the foregoing principles.
Judgment reversed.
DEPOSITIONS.
£. Commission to Take Depositions.
A Necessity.
B. Application for.
C. When Issued.
II. Persons Authorized to Take.
III. Notice of Taking.
A. Necessity.
B. Form and Sufficiency.
G. Certainty.
1. As to Place.
2. As to Time.
D. Reasonableness as to Time.
E. Service of Notice.
IV. Time of Taking.
A. In General.
B. During Term.
C. During Progress of Trial.
D. After Interlocutory Decree.
E. After Verdict.
V. Examination of Witnesses.
A. Direct Examination.
B. Cross-Examination.
C. Re-Examination.
VI. Adjournment of Depositions.
VII. Making and Requisites of Return.
A. Necessity of Certificate.
B. Matters Certified.
C. Authentication.
D. Filing—Endorsement by Clerk.
VIII. Bill in Equity to Perpetuate Testimony.
IX. Recital of Depositions in Decree.
X. Admissibility in Evidence.
A. In General.
B. Attendance of Witness Impossible.
C. Incompetency of Witness.
1. Virginia Rule.
2. West Virginia Rule.
D. Depositions Taken in Other Proceedings in Same Action.
E. Depositions Taken in Other Actions between Same Parties.
F. Depositions Taken in Other Actions between Different Parties.
G. Admissibility against Party Taking.
H. Giving Depositions to J ury.
XI. Objections.
A. Right to Object.
B. Sufficiency and Scope of Objection.
C. Necessity of Objecting before Trial.
D. Renewal on Appeal of Previous-Objections.
E. Waiver of Obi ections.
1. In General.
2. Effect of Examination in Chief as a Waiver.
3. Effect of Cross-Examination as a Waiver.
4. Failure to Make Timely Objection.
a. In G eneral.
b. Objection First Made on Appeal.
I. COMMISSION TO TAKE DEPOSITIONS.
A. Necessity.—Prior to the statute allowing depositions, except in will cases, to be taken without a commission, Va. Code 1887, § 3381, a deposition taken in another state was not admissible in evidence unless taken under a commission. Unis v. Charlton’s Adm’r. 12 Gratt. 484.
B. Application for.—The deposition of a nonresident witness which was taken under a commission, issued without notice of the intended application for it, cannot be admitted in evidence, although the adverse party was present at the taking. Blincoe v. Berkeley, 1 Call 405.
C. When Issued.—A commission to examine one of the defendants as a witness should be awarded on the motion of the plaintiff as a matter of course, saving all just exceptions. Plainville v. Brown, 4 Hen. & M. 482.
After a cause has been argued, a commission to take depositions can only be obtained upon the affidavit of the party and a special order of the court for that purpose. Anonymous, 4 Hen. & M. 409; Dangerfield v. Claiborne, 4 Hen. & M. 397.
A commission cannot issue at the instance of the defendant to examine the plaintiff as a witness in the cause. Ross v. Carter, 4 Hen. & M. 488.
The act of 1826 providing that “from the filing of the bill to the final hearing of the cause either party may, without order of the court, obtain commissions to take depositions therein” does not authorize depositions to be so taken after an interlocutory decree as to open matter which has already been fairly in issue and decided upon, but was intended to enable a party to take evidence after a canse was set for hearing, without special leave first obtained. Moore v. Hilton, 12 Leigh 1.
II. PERSONS AUTHORIZED TO TAKE.
A commissioner appointed by a circuit court to take depositions had authority, under the acts of 1831, Supp. Rev. Code, p. 165, § 80, and 1834, Sess. Acts, p. 75, ch. 62, § 2, to take depositions in a common-law cause. McGuire v. Pierce, 9 Gratt. 167.
A master commissioner of a circuit court, to whom a cause is referred to take, state and settle an account of indebtedness, has authority not only to take and state the account referred to him, but also to take depositions. Hickman v. Painter, 11 W. Va. 386.
Joinder of Commissioners. — A commissioner directed to five persons, “any three of whom to act,” cannot be executed by one only; and a return by one that three others were present when the deposition was taken is not sufficient. It should be certified by three, at least, who were present. Marshall v. Frisbie, 1 Munf. 247.
Guardian Ad Litem Acting as Commissioner.—It is no valid objection to proceedings for the sale of an infant’s land, that the depositions were taken before the same person as commissioner who was guardian ad litem of the infant. Durrett v. Davis, 24 Gratt. 302.
*42 III. NOTICE OF TAKING.
A. Necessity.—When a deposition is read at common law, whether it was taken de bene esse or in chief, it should appear in the record, upon an appeal, that notice of the time and place of taking it had been given to the adverse party. Collins v. Lowry, 2 Wash. 75.
A deposition cannot be read to affect the interests of any party to whom no notice of the time and place of taking it had been given. Stubbs v. Burwell, 2 Hen. & M. 536.
A deposition taken without notice is not admissible in evidence; and the objection to it maybe taken when it is offered to be read to the jury. Unis v. Charlton’s Adm’r, 12 Gratt. 484.
Notice to Guardian Ad Litem.—Where the guardian ad litem had no notice, depositions taken in the cause cannot be read against the infant parties. Walker v. Grayson, 86 Va. 337, 10 S. E. Rep. 51; Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
B. Form and Sufficiency.—The notice of taking a deposition should indicate to the adverse party with reasonable certainty when, where and in what suit it is to be taken. A notice which recites that the suit is pending in one county, when in fact it is pending in another, is insufficient. Bowyer v. Knapp, 15 W. Va. 277.
In taking an account, the commissioner may take the depositions of witnesses to enable him to act upon the subject, under his general notice, and a special notice is not necessary. Miller v. Cox, 38 W. Va. 747, 18 S. E. Rep. 960; M’Candlish v. Edloe, 3 Gratt. 330.
C. Certainty.
i. As to Place.—A notice to take depositions is insufficient if it omits the place where the depositions are to be taken. Hunter v. Fulcher, 5 Rand. 126, 16 Am. Dec. 738.
a. As to Time.—a notice was given by a plaintiff to the defendant, for taking the depositions of several witnesses at a specified place in Missouri on six successive days, between certain hours of each day. Reid, that considering the distance of the place appointed for taking the depositions; and the uncertainty of the precise time at which the party would be enabled to have things in readiness for taking them, the notice was sufficiently definite. Kincheloe v. Kincheloe, 11 Leigh 401.
Q. Reasonableness as to Time.—A notice given at 8 P. M. to take a deposition between 8 and 9 A. M. of the next day, in the city where both parties and their counsel reside, would generally be reasonable notice. And such notice, given directly the plaintiff learned that the witness would leave for a distant state on the next evening by 3 o’clock and would not return again, is sufficient, though the court was in session in the city at the time, and though the defendant and his counsel had been occupied on a case in the court on the day of the notice and would be so occupied on the day after, so that they could not attend the taking of the deposition. McGinnis v. Washington Hall Ass’n, 12 Gratt. 602.
A party has a right to be personally present when depositions are taken by his adversary, and a notice-which does not afford him an opportunity to be present is insufficient; and his exception to the deposition on that ground ought to be sustained. Fant v. Miller, 17 Gratt. 187.
Va. Code 1873, ch. 172, § 36 (Va. Code 1887, § 3362), requires reasonable notice to be given to the adverse party of the time and place of taking every deposition. But what is reasonable notice is a question dependent upon the peculiar circumstances of each case, the principal of which are the distance, traveling conveniences, condition of the roads, and other such matters as affect the ability of the party to attend, personally or by counsel, and to return in time for trial. Trevelyan’s Adm’r v. Lofft, 83 Va. 141, 1 S. E. Rep. 901.
E. Service of Notice.—Where a notice to take depositions was left with the wife of the party at his dwelling house, when it was known by the adverse party that he was absent on a journey to another state, and where it appeared also that the notice might previously have been given to the party himself, and that the taking of the deposition might have been postponed till his return, it was held that the notice was insufficient, and the deposition taken under it was suppressed. Coleman v. Moody, 4 Hen. & M. 1.
Service on Attorney.—Notice of taking depositions is not sufficient if given to the attorney at law, in the absence of the principal from the commonwealth, but ought to be given to the agent or attorney in fact, or, if there be none, by publication in the manner prescribed by law. Cahill v. Pintony, 4 Munf. 371.
Service on Overseer.—A notice to take depositions, given to the overseer of the party, who resided part of his time in the state and part out, is not sufficient. Chapman v. Chapman, 4 Hen. & M. 426.
Service by Publication.—The publication of notice to take depositions, under the West Virginia statute requiring the notice to be published once a week for four successive weeks, is completed on the fourth issue of the newspaper containing it; and if a reasonable time elapses between the date of said fourth issue and the taking of the depositions, the notice is sufficient. Miller v. Neff’s Adm’r, 33 W. Va. 197, 10 S. E. Rep. 378.
Proof of Service.—The return of a sheriff upon a notice to take depositions is only prima facie evidence of its truth. Bowyer v. Knapp, 15 W. Va. 277.
IV. TlilE OF TAKING.
A. In General.—A deposition taken at so late a day that the other party cannot attend at the time and place of taking it, and then get to the court where the cause, in which it is to be taken, is to be tried by the commencement of the term, is not admissible in evidence. Unis v. Charlton’s Adm’r, 12 Gratt. 484.
Where, pending a petition for the rehearing of an interlocutory decree, the defendants’ motion for a continuance to enable them to procure testimony is denied, and by agreement the cause is ordered to be submitted for hearing and decision in vacation, not later than a day named, the defendants may take depositions until the day for hearing is fixed by further agreement; especially, when the petitioners have apparently so construed the order by appearing and cross-examining defendants’ witnesses, it being provided by Va. Code 1873, ch. 172, § 36, that depositions in a chancery cause may be taken and returned at any time before the final hearing. Radford v. Fowlkes, 85 Va. 820, 8 S. E. Rep. 817.
Where the defendant was notified by the plaintiff’s attorneys that they would take depositions in Georgia on the same day that depositions were taken by them in New York, this fact does not vitiate either deposition, where the defendant was interested in only one of the causes and the objection was not made until the case was called. Wytheville Ins. & Banking Co. v. Teiger, 90 Va. 277, 18 S. E. Rep. 195.
*43 B. During Term.—Depositions taken during the term are admissible where the counsel of both parties were present and examined and cross-examined the witnesses, no objection being made until the hearing. Fisher v. Dickenson, 84 Va. 318, 4 S. E. Rep. 737.
C. During Progress of Trial.—A party cannot be required, during the progress of a trial, to take a deposition at a point so distant from the court house that he cannot attend the taking of the deposition and return to the court house hy the time the case is proceeded with. Wise v. Postlewait, 3 W. Va. 452.
Where a cause has been referred to a commissioner, and ample opportunity has been afforded to both parties to introduce their witnesses, and the commissioner has made his report, and the cause is ready for hearing, a deposition afterwards taken as to a controverted matter in the report ought, generally, to he disregarded by the court. Buster v. Holland, 27 W. Va. 510.
Depositions will be suppressed, where they are taken after the argument of the cause, without special order. Dangerfield v. Claiborne, 4 Hen. & M. 397.
D. After Interlocutory Decree.—There is no rule of law which precludes a party from taking new evidence after an interlocutory decree, even before a rehearing is obtained. Summers v. Darne, 31 Gratt. 791.
E. After Verdict.—The depositions of witnesses, taken after the verdict to which there is no sufficient objection, and before the decree, cannot be read upon the final hearing of the cause. Nease v. Capehart, 15 W. Va. 299.
V. EXAHINATION OF WITNESSES.
A. Direct Examination.—Objection to questions on the ground that they are leading should he made at the examination, if the adverse party is present, and if not, then within a reasonable time after the deposition is returned to court. M’Candlish v. Edloe, 3 Gratt. 330.
B. Cross-Examination.—The magistrate or commissioner who has taken a deposition should, within the hours appointed by the notice, open it again at the instance of any party who was not present when it was taken and wishes to cross-examine the witness. Jeter v. Taliaferro, 4 Munf. 80.
C. Re-Examination.—As a general rule depositions cannot be retaken without an order of court Booth v. McJilton. 82 Va. 827, 1 S. E. Rep. 187. But the courts possess much latitude in permitting a second examination; and when the circumstances of the case and justice require it, an order for the second examination of the same witness will he made. Carter v. Edmonds, 80 Va. 58
Unless it was palpably improper to grant leave for the second examination of a witness, an appellate court will not, for this reason, reverse the decree; as the circuit court ought to possess much latitude of discretion in the decision of such questions. Fant v. Miller, 17 Gratt. 187; Brooks v. Wilcox, 11 Gratt. 411; Burke v. Shaver, 92 Va. 345, 23 S. E. Rep. 749; Tate v. Bank, 96 Va. 765, 32 S. E. Rep. 476.
Independently of the statute, Va. Code 1887, § 3362, a commissioner, acting under an order of court directing an account, may. in a proper case, without leave of court, reopen depositions that have been closed and re-examine the witnesses. Atwood v. Shenandoah Valley R. R. Co., 85 Va. 966, 9 S. E. Rep. 748.
Where a deposition has been taken in a cause and excepted to, it may be retaken by the party desiring to use it, before the cause is heard, without an order from court for that purpose. Fox v. Jones, 1 W. Va. 205, 91 Am. Dec. 383.
It is not error in a court of equity to give a party leave to retake depositions, which the court, upon an exception, determines cannot be read for want of sufficient notice, at the term at which it is so determined. Vance v. Snyder, 6 W. Va. 24.
VI. ADJOURNMENT OF DEPOSITIONS.
A magistrate taking a deposition upon a day appointed cannot resume the taking of such deposition at any future day, without an adjournment to such day. Hunter v. Fulcher, 5 Rand. 126, 16 Am. Dec. 738.
An adjournment in taking depositions must specify the date to which the adjournment is made. Bennett v. Bennett, 37 W. Va. 396, 16 S. E. Rep. 638, 38 Am. St. Rep. 47.
VII. MAKING AND REQUISITES OF RETURN.
A. Necessity of Certificate.—When depositions are taken under a decree for account, the usual certificate is unnecessary. Smith’s Ex’x v. Profitt’s Adm’r, 82 Va. 832, 1 S. E. Rep. 67.
B. Hatters Certified.—The caption of a deposition, describing it as taken in a proceeding of forcible entry and detainer, is sufficiently accurate to authorize the reading of the deposition, though the proceeding is for an unlawful detainer. Cales v. Miller, 8 Gratt. 6.
Names of Parties.—A deposition was taken to be read in a case in which Franklin Bartley was defendant, and that was the name given in the summons and to which he appeared; hut the name in which the action was carried on was William F. Bartley. The person was obviously the same, and Franklin was part of the defendant’s name. Held, that the deposition could not be objected to on this ground. Bartley v. McKinney, 28 Gratt. 750.
A deposition was taken at the time and place specified in the notice, to be read, etc., but in the certificate of the officer who took it the plaintiff was styled William Robertson, Administrator, etc., when the suit was Wallace Robertson, etc. Held, that the mistake in the name of the plaintiff (who had sued in his representative character) could not have misled the defendants, and was not sufficient to exclude the deposition. Hunter v. Robinson, 5 W. Va. 272.
C. Authentication.—A deposition is duly authenticated where it purports in the caption to have been taken in the state and county designated in the commission and notice, and is certified by a person who adds to his name the letters J. P. Hobbs v. Shumates, 11 Gratt. 516.
A person taking a deposition under a regular commission and notice certified that the deposition was taken before him and signed his name to the certificate with the addition of the letters J. P. Held, that it sufficiently appeared that he was a justice of the peace. Pollard v. Lively, 2 Gratt. 216.
D. Filing—Endorsement by Clerk.—it is proper, though not indispensable, for the clerk, when depositions are filed in his office, to endorse upon them the time when they were filed, and to verify such entry and endorsement with his official signature. Turnbull v. Clifton Coal Co., 19 W. Va. 299.
*44 VIII. BILL IN EQUITY TO PERPETUATE TESTIMONY.
Upon a bill in chancery to perpetuate testimony, there must be an order of the court to take the testimony sought to be perpetuated, and a final decree to perpetuate it A decree perpetuating testimony without such order and before the filing of the bill should be set aside upon appeal. Smith v. Grosjean, 1 Pat & H. 109.
The provision of Va. Code 1849, ch. 176, § 34, p. 666, for the perpetuation of testimony, merely prescribes a new mode in which testimony may be perpetuated, and does not change the form of proceeding by suit in equity for the same purpose. Smith v. Grosjean, 1 Pat. & H. 109.
IX. RECITAL OP DEPOSITIONS IN DECREE.
Where depositions are taken and filed in a cause, both parties being present when they were taken, and the decree is obviously based upon them, the omission to refer to the depositions in the decree will be considered a clerical mistake, and the cause will be considered as having been heard upon them, as well as upon the other papers. Day v. Hale, 22 Gratt. 146.
X. ADMISSIBILITY IN EVIDENCE.
A. In General.—Depositions ought not to be admitted in an action at law unless it appears by the record in what suit and by what authority they were taken, and that the witnesses could not attend at the trial. Butts v. Blunt. 1 Rand. 255.
Depositions in a chancery suit, taken in 1794, of persons then from 40 to 80 years of age, and read at the hearing without exceptions, are admissible 50 years later as evidence of pedigree, the presumption being that the witnesses are dead. Colvert v. Millstead’s Adm’x, 5 Leigh 88.
The deposition of a party, to be read in a pending cause at law, was commenced before the passage of the act of March 2nd, 1866, Acts 1865-66, p. 86, requiring that parties should testify ore terms, but was not completed until that law went into effect. Held, that the deposition was inadmissible if objected to. Crawford v. Halsted, 20 Gratt. 211.
A deposition taken before the decree was pronounced in the court of chancery, but not filed until after an appeal was taken from the decree, was received by the court of appeals. Auditor v. Pauly, 5 Call 331.
Signature of Witnesses.—A deposition not signed by the witness is admissible in evidence if certified by the officer who took it. Barnett v. Watson, 1 Wash. 372.
Upon an Issue out of Chancery.—Upon the trial of an issue out of chancery, depositions taken in the cause in the chancery court are not to be read to the jury, unless proof be given that the witnesses are dead, abroad or otherwise unable to attend the trial. Powell v. Manson, 22 Gratt. 177.
Depositions Taken by Coroner.—On a trial for murder, to contradict a witness for the prisoner, it is competent to introduce in evidence a deposition given by him before the inquest, taken down at the time by the coroner and read to the witness, and signed by him. Wormeley v. Commonwealth, 10 Gratt. 658.
Taken in Absence of Guardian Ad Litem.—Where the guardian ad litem had notice of the taking of depositions in an action to cancel a deed in which an infant is interested, the depositions are not rendered inadmissible by the failure of such guardian to be present when taken. The provision of Va. Code 1887, §§ 2435, 2619, that depositions shall be inadmissible in a suit against an infant or insane party, unless taken in the presence of the guardian ad litem or on interrogatories agreed on by him, relates only to suits for the sale of land of persons under disability and does not extend to cases generally in which infants are parties. Moore v. Triplett (Va.), 23 S. E. Rep. 69.
Amendment of Pleading after Taking Deposition.—A deposition which was taken after a replication had been entered in the cause cannot be read after the replication has been withdrawn. Clarke v. Tinsley’s Adm’r, 4 Rand. 250.
B. Attendance of Witness Impossible.— Depositions taken in a suit to perpetuate testimony are not to be read as evidence in a subsequent suit, unless it appears that the witnesses are dead or otherwise out of the power of the court. Lawrence v. Swann, 5 Munf. 332.
The fact that a witness has been summoned and fails to attend is not sufficient to authorize the reading of his deposition taken de bene esse: but it must be proved that he is dead, or, if living, unable to attend. Minnis v. Echols, 2 Hen. & M. 31.
Witness Not within Reach of Process.—A party desiring to introduce a deposition on account of the absence of a witness must show that he has used due diligence to find the witness, or that he is not within the jurisdiction of the court or reach of its process. Tompkins v. Wiley, 6 Rand. 242.
Disability of Witness.—Where a party taking the deposition of an aged and infirm witness to be read de bene esse fails to serve a subpoena on him to attend the trial, the deposition should nevertheless be read, upon satisfactory proof that the witness is unable to attend the trial by reason of ill health. Lynch v. Thomas, 3 Leigh 682.
The affidavit of a witness, taken eight days before a cause is called for trial, that from age and infirmity he is unable to attend court is sufficient to authorize his deposition to be read in evidence. Tayloe v. Smith, 10 Gratt. 557. See also, Pollard v. Lively, 2 Gratt. 216; Nuckols’s Adm’r v. Jones, 8 Gratt. 267.
The deposition of a witness may be read at the trial, where it appears from the evidence that he is physically unable to attend court. Taylor v. Mallory, 96 Va. 18, 30 S. E. Rep. 472.
C. Incompetency of Witness.
i. Virginia Rule.—An objection to the admissibility of a deposition on the ground of the incompetency of the witness will not avail where the witness was competent at the time the deposition was taken. Smith’s Ex’x v. Profitt’s Adm’r, 82 Va. 832, 1 S. E. Rep. 67.
Although the death of a party to a suit has rendered the deposition of his adversary inadmissible, his own deposition may nevertheless be read in evidence Keran v. Trice’s Ex’ors, 75 Va. 690.
Deposition of Person under Whom Party Claims— Interest.—The deposition of a person, under whom the party in whose favor it is offered claims, is not admissible as evidence, unless it appears from the deeds that no recourse canbehad against the witness in case of eviction. Woodward v. Woodson, 6 Munf. 227. See Va. Code 1887, §§ 3345-49, abolishing incompetency on account of interest, with certain qualifications.
3. West Virginia Rule.—Within the meaning of the West Virginia statute, a party testifies in his own behalf at the time when his deposition is used in a chancery cause and not at the time when it was actually taken. Hence, if the witness is incompetent at *45 the time of the trial, his deposition cannot be used, although he was competent when it was taken. Seabright v. Seabright, 23 W. Va. 412; Zane v. Fink, 18 W. Va. 693.
Though a witness was incompetent to testify when his deposition was taken, yet, if he was afterwards rendered competent by virtue of a statute, and at the time such deposition is read at the hearing of the cause he is competent, such deposition will be read and considered just as if it had been taken when it was read, and when the witness was competent to testify. Vanscoy v Stinchcomb, 29 W. Va. 263, 11 S. E. Rep. 927.
A deposition which was read on the hearing in the circuit court cannot be suppressed on appeal because, since the decision in the circuit court, an adverse party has died. Hinkson v. Ervin, 40 W. Va. 111. 20 S. E. Rep. 849.
D. Depositions Taken in Other Proceedings in Same Action.—Under Va. Code 1873. ch. 172, § 36, a deposition in a chancery cause, taken after an interlocutory decree, cannot be read as to any matter adjudicated by such decree. Richardson v. Duble, 33 Gratt. 730.
A deposition, admissible in the original suit, may be read upon the hearing of a cross-bill, under an order so directing. Smith’s Ex'x v. Profitt’s Adm’r, 82 Va. 832, 1 S. E. Rep. 67.
A deposition taken after an appeal from an interlocutory decree may be read upon the hearing of the appeal. Alexander v. Morris. 3 Call 89.
New Parties.- If after answer filed and depositions taken, the plaintiff makes new parties and files a new bill, the depositions previously taken cannot be read against the new defendant. Jones v. Williams, 1 Wash. 230.
E. Depositions Taken in Other Actions between Same Parties.—Where two suits are brought by a trustee and cestui Qiie trust at the same time against the same parties and to recover the same trust property, they are not so connected that testimony taken in one may be read in the other. Sheppards v. Turpin, 3 Gratt. 373.
Three successive actions were brought on a bond. The plaintiff was nonsuited in the first and second. Pending the second action, which was referred to arbitrators, the deposition of a witness was taken by the defendant to be read de bene esse and was used before the arbitrators without objection. On the trial of the third action, the deposition was offered in evidence by the defendant, and was objected to by the plaintiff on the ground that there was no affidavit made before the clerk of the court in which the second action was pending for a commission to take the deposition. Held, that if an affidavit was necessary, it may well be presumed after the lapse of so long a time, and under all the circumstances of the case, that it had been taken and lost; and that, indepen dent of such presumption, the deposition was admissible, as no objection was made when the deposition was first used, and as the witness was dead. Perkins’ Adm’r v. Hawkins’ Adm’x, 9 Gratt. 649.
Depositions taken in a suit with the factor may be read in a suit with the principal for the same cause. Ritchie v. Lyne, 1 Call 489.
On the trial of an action at law, depositions taken in a suit in chancery between the same parties, are not proper evidence, unless the witnesses are dead or otherwise incapable of attending the trial. Pleasants v. Clements, 2 Leigh 474.
Depositions Used as Admissions.—The depositions of a witness in one suit may be read as evidence against him, as an admission, in another suit, where the subject matter is the same. Hatcher v. Crews, 78 Va. 460.
F. Depositions Taken in Other Actions between Different Parties.—Where two actions are pending by the same plaintiff against different obligors on the same bond, a deposition taken by the defendant in one of the actions can, under no circumstances, be competent evidence for the defendant in the other. Brown’s Adm’r v. Johnson, 13 Gratt. 644.
Depositions relating to pedigree, taken in a former suit to which the plaintiff but not the defendant was a party, are competent evidence touching the descent of slaves, the deponents themselves being dead. Colvert v. Millstead’s Adm’x, 5 Leigh 88.
Depositions taken in a cause relative to the same subject, but not between the same parties, cannot be read in evidence in a subsequent suit. Rowe v. Smith, 1 Call 487.
G. Admissibility against Party Taking.—The compulsory deposition of one’s adversary in the nature of a discovery cannot be used by such adversary, if the party taking it neglects to put it in evidence. M’Farland v. Hunter, 8 Leigh 489; Vaughn v. Garland, 11 Leigh 251.
It is competent for one party, on the trial of a canse, to read in his own behalf a deposition regularly taken and filed by the other party; and although a deposition in such case may be certified jointly with the deposition of other witnesses, it may be detached and read separately. Echols v. Stauntons, 3 W. Va. 574.
H. Giving Depositions to Jury.—A deposition which has been read to the jury may be taken with them in their retirement, if what is objectionable in it has been erased. Hansbrough v. Stinnett, 25 Gratt. 495.
A contrary rule obtains in West Virginia. In Welch v. Ins. Co., 23 W. Va. 288, the court says: “It often happens * * * that the evidence on one side is oral testimony introduced before the jury, the witnesses being examined in person before the jury. The mass of the testimony on the other side is in the form of depositions read to the jury. If the case is an important one and the trial lasts for many days, if the depositions are permitted to be taken to the jury room, and the minds of the jurors refreshed by the reading of the depositions, while the oral testimony of the other side has in a measure faded from the memory of the jury, it is obvious, that an undue advantage is given to the side, which is sustained by depositions. The Virginia decision [Hansbrough v. Stinnett, 25 Gratt. 495] would seem to have been rendered upon but little consideration and no reason is given for their departure from the English practice. We hold this English practice as obligatory upon ns until changed by statute-law.” See also, State v. Cain, 20 W. Va. 679.
XI. OBJECTIONS.
A. Right to Object—Where both parties to a suit obtain special commissions to take depositions, subject to all just exceptions, and only one party acts under his commission, the other party is not precluded from objecting to the competency of the witness by having himself obtained a special commission. Beverley v. Brooke, 2 Leigh 425.
In a suit brought to set aside as fraudulent a conveyance made by a husband to his wife, the wife cannot object to depositions, taken after notice to her, on the ground that notice was not also given to her husband. Silverman v. Greaser, 27 W. Va. 550.
*46 Where Improper Interrogatories Are Filed by Permission of Court.—Where the court permits improper interrogatories to be filed and directs them to be answered, the party to whom they are directed may answer them, and then on the trial of the cause may object to their admission as evidence. Poindexter v. Davis, 6 Gratt. 481.
B. Sufficiency and Scope of Objection.—If depositions offered as evidence contain matter supposed to be exceptionable, the proper course is to point out the exceptionable passages, and then move the court to instruct the jury to disregard them. Buster’s Ex’or v. Wallace, 4 Hen. & M. 82; Harriman v. Brown, 8 Leigh 697; Friend v. Wilkinson, 9 Gratt. 31; Trogdon’s Case, 31 Gratt. 862; N. & W. R. Co. v. Ampey, 93 Va. 108, 25 S. E. Rep. 226.
The grounds of exception to depositions must be given in the exception. A mere general exception is not sufficient, except for incompetency. Long v. Perine, 41 W. Va. 314, 23 S. E. Rep. 611; Richardson v. Donehoo, 16 W. Va. 685; Sulphur Mines Co. v. Thompson’s Heirs, 93 Va. 293, 25 S. E. Rep. 232.
If, on the trial of a cause in the court below, a party objects to the introduction of a deposition as evidence, for any irregularity in taking it, his exception to the opinion of the court overruling the objection must state the grounds of the objection. Barker v. Barker’s Adm’r, 2 Gratt. 344.
A deposition was objected to so far as it stated the mere belief of the deponent as to the masters spoken of by him, the sayings or doings of others not parties to the suit, and the understanding, reputation or tradition of the neighborhood; and also so far as the answers were given to leading questions. Held', that it was not sufficient to make the objection in these leading terms, but that it was incumbent on the party objecting to point out the exceptionable passages and move the court to expunge or disregard them. Harriman v. Brown, 8 Leigh 697; Dillard v. Collins, 25 Gratt. 343.
A party objected to the admission of so much of certain depositions as gave evidence of hearsay. The exception, however, did not specify the particular parts objected to, and the court allowed the depositions to go to the jury under instructions that they should consider those parts which gave evidence of hearsay only for the purpose of corroborating the testimony of other witnesses whose testimony had been assailed. Held, that the exception to the deposition was valid, notwithstanding its generality, as the portions excepted to were brought to the notice of the court. Charlton v. Unis, 4 Gratt. 58.
A party will not be allowed to specify one or more grounds of objection to evidence offered in the trial court, and rely upon other grounds in the appellate court. He is regarded as having waived all other objections to the evidence except those which he specifically pointed out. Warren v. Warren, 93 Va. 73, 24 S. E. Rep. 913.
C. Necessity of Objecting before Trial.—Exceptions to depositions taken under a commission issued after a cause is set for hearing may be made at any time before the cause is gone into. Foster v. Sutton, 4 Hen. & M. 401.
Where, on a trial at law, a deposition is introduced, taken regularly under a commission, and an objection is made to some of the questions as leading, the court cannot suppress the improper questions and answers after the jury is sworn; but the objection should be made to the court before the jury is sworn, and the improper questions and answers suppressed. Jones v. Lucas, 1 Rand. 268.
A deposition taken without authority or notice is not admissible as evidence; and the objection to it may be taken when it is offered to be read to the jury. Unis v. Charlton’s Adm’r, 12 Gratt. 484.
Although an exception to a deposition for want of notice, or other irregularity, must be brought to the notice of the court before the hearing of the cause, that it may be passed upon, or it will be considered as waived, and will not be noticed in the appellate court; this rule does not apply when the exception is to the competency of a party to the cause, and the court at the hearing may pass upon the exception; and whether so passed upon or not, it may be passed upon by the appellate court. Statham v. Ferguson’s Adm’r, 25 Gratt. 28.
Without proof of loss, or inability to produce the original power of attorney, no copy thereof can be admissible as evidence, unless it be such a copy as is provided by W. Va. Code 1868, ch. 130, § 20. Nor is the objection to the introduction of such copy waived by failure to object before trial. Dickinson’s Ex’ors v. Clarke, 5 W. Va. 280.
A deposition cannot be objected to at the trial, when it appears that the party wishing to reject it, or his counsel, was present at the taking and cross-examined the deponent. Detwiler v. Green, 1 W. Va. 109.
D. Renewal on Appeal of Previous Objections.— Though an exception is taken and entered at the time, that a question asked of a witness is leading, the exceptant should bring it to the attention of the court and obtain an order for the suppression of the objectionable testimony; and if he fails to do this, the exception will not be regarded in the appellate court. Summers v. Darne, 31 Gratt. 791.
An objection to a deposition for incompetency endorsed thereon, is not waived by a failure to insist thereon in the court below. Middleton’s Ex’or v. White, 5 W. Va. 572.
E. Waiver of Objections.
i. In General.—After the defendant in a chancery suit had answered and depositions had been taken, another person was admitted as a party defendant upon condition that the cause should not thereby be delayed. Held, that the condition upon which the new defendant was admitted was a waiver of objections on his part as to irregularities in depositions which had been taken. Jones v. Janes, 6 Leigh 167.
Where notice is given to take depositions at two distant places on the same day, the other party may attend at one of the places and object to the depositions taken at the other place for want of notice; but if he attends by his counsel at both places, he cannot except to the depositions taken at either place. Latham v. Latham, 30 Gratt. 307.
Consent to the Taking.—Consent to the taking of a deposition does not waive objection to its competency, where the witness testifies to conversations with a deceased person. Middleton’s Ex’or v. White, 5 W. Va. 572.
Attention of Trial Court.—Unless the record shows that an exception to the deposition of a witness for incompetency or other cause was brought to the attention of the trial court at the hearing, it will be taken by the appellate court to have been waived. McVeigh’s Adm’r v. Chamberlain, 94 Va. 73, 26 S. E. Rep. 395; Martin v. South Salem Land Co., 94 Va. 28, 26 S. E. Rep. 591; Simmons v. Simmons’ Adm’r, 33 Gratt. 451; Fant v. Miller, 17 Gratt. 187.
*47 2. Effect of Examination in Chief as a Waiver.—It is no waiver of objection to the competency of a witness that the exception was not made until after four questions had been propounded to him on his examination in chief. Warwick v. Warwick, 31 Gratt. 70.
Failure to object to the competency of a witness until after the examination in chief is not necessarily a waiver of such objection. Hill v. Postley, 90 Va. 200, 17 S. E. Rep. 946.
3. Effect of Cross-Examination as a Waiver.—Where a party to a cause is examined in his own behalf and cross-examined at length by the other party without obj ection to his competency, the obi ection is thereby waived and cannot afterwards be made. Neilson v. Bowman, 29 Gratt. 732; Hord’s Adm’r v. Colbert. 28 Gratt. 49; Smith’s Ex’x v. Profitt’s Adm’r, 82 Va. 832. 1 S. E. Rep. 67. But where an objection to the competency of a party as a witness is written at the commencement of the deposition, the objection is not waived by the cross-examination. Neilson v. Bowman, 29 Gratt. 732.
Where the plaintiff's deposition has been taken and the defendants have cross-examined him, they cannot have the questions and answers on cross-examination struck out, though they may refer to the acts and declarations of a deceased person, under whom the defendants claim. Field v. Brown, 24 Gratt. 74.
Objection to the competency of a witness, known to be incompetent, should be made before he is examined in chief. It cannot be made after cross-examination. Pillow v. Southwest, etc.. Imp. Co., 92 Va. 144, 23 S. E. Rep. 32; Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583.
If, after an exception h as been taken to the competency of a witness, the exceptor cross-examines him as to matters not brought out on the examination in chief, against the objection of the party calling him, the exceptor thereby waives his exception to the competency of the witness and makes him his own witness. Miller v. Miller’s Adm’r, 92 Va. 510, 23 S. E. Rep. 891.
4. Failure to Make Timely Objection.
a. In General.—If depositions are read on a trial without objection or if objection is made, withontan exception taken to their admission, upon another trial of the cause, they will not be excluded for the failure to prove notice to take them, unless the party obj ecting has given notice to the other party of his intention to object to them in time to enable the party offering them to take them again and the witnesses are alive at the time of such notice. Peshine v. Shepperson, 17 Gratt. 472, 94 Am. Dec. 468.
b. Objection First Made on Appeal.—It is too late to urge as an objection that certain depositions were taken after the master’s report was filed, when it appears by the record that the cause was finally heard below on the report of the master, and also on such depositions, without objection. Hunter v. Robinson. 5 W. Va. 272.
Where no objection was made to the use of a deposition in the court below, objections to the competency of the witness cannot be raised for the first time in the appellate court. Baxter v. Moore, 5 Leigh 219; Simmons v. Simmons’ Adm’r, 33 Gratt. 451. See contra. Rose v. Brown, 11 W. Va. 122.
It is too late to object to a deposition for the first time in the appellate court, where it was read without objection in the court below. Burkholder v. Ludlam, 30 Gratt. 255, 32 Am. Rep. 668; Dickenson v. Davis, 2 Leigh 401.
Where a deposition in a chancery suit is taken subject to all just exceptions, the court should examine and decide the question of competency, although no exception is made to the deposition; and if on appeal the appellate court finds the deposition incompetent it will disregard it. Beverley v. Brooke, 2 Leigh 425.
Where no objection was made to the reading of a deposition in the court below, the witness being competent, it is too late to raise an objection in the appellate conrt. Linsey v. McGannon, 9 W. Va. 151.
Presumption as to Notice.—The certificate of a commissioner who took a deposition did not state that it was taken pursuant to notice, and, though the deposition was excepted to for lack of a commission and for failure of the certificate to state the names of the parties, no exception was taken to it in the lower court for want of notice. Held, that, although there was no notice or evidence of notice in the record, the objection for want of notice could not be taken in the appellate court. Steptoe v. Read, 19 Gratt. 1; Hill v. Bowyer, 18 Gratt. 364; Coffman v. Sangston, 21 Gratt. 263.
Where no objection was made in the lower court to the reading of depositions in an action for divorce, on the ground of insufficient notice, no such objection can be raised for the first time on appeal. Brown v. Brown (Va.), 24 S. E. Rep. 238.