EASTERN DIST.
*January*, 1832.

ABAT *vs.* GORMLEY ET ALS.

ABAT
*vs.*
GORMLEY ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The negotiability of a promissory note made in that form, is not restrained or in any manner altered, by the circumstance of its being paraphed *ne varietur* by a notary public.

Between a *bona fide* holder under regular endorsement, the consideration of the note cannot be legally inquired into, in such a manner as to affect the interest of the endorsee by destroying its validity, or throwing embarrassments in the way of recovery against the maker or endorsers.

A party cannot be made a witness in his own case, except by filing interogatores as provided in the Code of Practice.

This was an action by the endorsee against the maker and endorser of a promissory note, in the following form: "New-Orleans, 2d April, 1828.—Two years after date, I promise to pay Lewis Foucher, Esquire, or order, twenty-one hundred and twenty-five dollars, for value received. Signed, William Gormley, endorsed, Louis Foucher, I. Abat, New-Orleans, 2d April, 1828, *ne varietur,* (Signed) W. Y. Lewis, notary public."

It appeared from the evidence, that the note was given in part consideration, of the price of a tract of land, sold by Foucher to Gormley, and that the latter had sold part of the same tract to one Miller, who, in consideration therefor, had contracted to pay the note in question.

Gormley in his answer pleaded, first, that the note was identified with the deed of sale, and could not be separated from it, and second, that the consideration had failed. He also prayed, that both Foucher and Miller, might be cited in warranty, and condemned to pay whatever judgment might be rendered against him. Miller in his answer, united with Gormley, in the plea as to a failure of consideration, and averred, that he could not be made liable to pay the note until Foucher had put both him and Gormley into peaceable possession of the land. These proceedings, on the part of Gormley and Miller, were excepted to by Foucher, in his answer, who also cited his vendor in warranty.

On the trial, the defendant offered to introduce the plaintiff as a witness, to prove that the note sued on, was still the property of Foucher, the defendants' vendor. To the introduction of this testimony, the plaintiff's counsel objected, on the ground, that the plaintiff could not be made a witness against himself, except by filing interrogatories as provided by the Code of Practice, and the court having sustained the objection, the defendant took his bill of exceptions.

EASTERN DIST.
January, 1832.

ABAT
vs.
GORMLEY ET ALS.

The cause was tried by a jury, who found a verdict in favor of the plaintiff for the amount of the note, and in favor of Gormley against Miller, on the call in warranty for the same amount.

From the judgment rendered thereon, both Gormley and Miller appealed.

*Preston* and *Seghers*, for appellants.

1. The note sued upon is not negotiable in the mercantile sense of that word. Mercantile usage gives the very form of a negotiable note, it is purely "for value received," without any reference to the " consideration." This note is identified with the consideration, by *ne varietur*, for the benefit of the holder, if the consideration be good ; for his detriment, if it be bad.

2. The cause was properly at issue with Foucher, under the equity of *articles* 379–80 *of the Code of Practice.* If he could not be called in warranty, the injury to Gormley and Miller, would be irreparable, having a right to except to the payment of the price, the deficiency in the quantity of land sold, and yet not being able to sue Foucher, their action being prescribed. The case was at issue with him, and should be remanded for judgment between him and Gormley and Miller, *they* having appealed against Foucher.

Abat, the plaintiff, should have been examined in the cause as a witness. He had no interest between Gormley and Miller and Foucher, and even with regard to himself, the interest was in his favor, and against the party calling him. An interest that has never been held to *exclude* a witness, but has ever been held to make him the best of

EASTERN DIST.
January, 1832.

ABAT
vs.
GORMLEY ET ALS.

witnesses.    The cause should therefore be remanded for the benefit of his testimony.

*Dennis,* contra.

1. The bearer of a note must, when negotiable, recover against the drawer, independent of any difficulty between the drawer and drawee.

*Mathews, J.* delivered the opinion of the court.

This suit was commenced by the holder and endorser of a promissory note, made in negotiable form, payable by Gormley to Foucher, and endorsed by the latter, the action is brought against both the maker and endorser.

In the course of proceedings in the court below, the maker of the note turned on his co-defendant and claimed to be exonerated from the obligation of his promise, in consequence of an alleged failure of the consideration for which the note was given.    Not contented, however, with this defence, he filed a supplemental answer, in the nature of a suit against Miller, in which he alleges, that this defendant had contracted to pay the note, when it became due.    The pursuit of Gormley against Foucher, was excepted to in the answer of the latter; Miller in his answer, seems to have united with the principal defendant and endeavor to turn their united force against Foucher, both insisting on the want or failure of the consideration, for which the note was given.    The cause was submitted to a jury in the District Court, who found a verdict for the plaintiff, to the amount claimed by him against Gormley, and also a verdict for the latter against Miller, for the same sum, and judgment being thereon rendered, these parties took the present appeal.

The above statement of this case, seems to exhibit a strange anomaly, in a suit by a *bona fide* endorsee of a negotiable note, against the maker and endorser of such an instrument, (even without allusion being made to the further proceeding by which Roffignac was called in warranty.)    The main question in the cause is, whether such proceedings as have taken place in it, are sanctioned and ought to be supported

according to the principles of law which form the rule in such cases. We assume as a matter settled by the decisions of this court, (to be found in 12 *Martin*, 235, and 1st *N. S.* 143,) that the negotiability of a promissory note made in that form, is not restrained or in any manner altered, by the circumstance of its being paraphed *ne varietur* by a notary public.   The several interests of the parties to the present suit, must therefore, be subjected to the rules which are applicable to negotiable papers. Between a *bona fide* holder under regular endorsement, the consideration of the note cannot be legally inquired into, in such a maner as to affect the interest of the endorser by destroying its validity or throwing embarrassments in the way of recovery, against the maker or endorsers.

From every thing which appears in the evidence of this case, Abat the plaintiff, was at the time of instituting suit the holder and owner in good faith, of the note in question. It is true an attempt was made to show the contrary, by testimony to be drawn from himself, and for this purpose, the counsel for the defendant Gormley, requested that the plaintiff should be sworn as a witness, in his own cause. But the court below refused to compel him to testify, to which refusal, a bill of exceptions was taken, &c. This refusal in our opinion was correct. By a general rule of the law of evidence, a party is excluded from giving evidence in his own cause. This rule is not founded merely on the consideration of his interest, if it were, it would follow, that a party might always be called by his adversary, to testify against his own interest, the rule is partly at least, founded on a principle of *policy* for the prevention of perjury.   *Starkie on evidence, part 4th, page* 1061.   To this rule our legislation has introduced an exception which authorises parties to be examined on interrogatories under certain formalities, but the defendant in this suit, did not bring himself within the exception.

The plaintiff must, therefore, be considered as a *bona fide* holder and owner of the note, on which he brought suit, and any equity which may exist between the maker and endorser, arising out of the consideration for which it was given, ought

EASTERN DIST.
*January,* 1832.

ABAT
*vs.*
GORMLEY ET ALS.

The negotiability of a promissory note made in that form is not restrained or in any manner altered, by the circumstance of its being paraphed *ne varietur* by a notary public. Between a *bona fide* holder under regular indorsement, the consideration of the note, cannot be legally enquired into, in such a manner as to effect the interest of the endorsee, by destroying its validity or throwing embarrassments in the way of recovery, against the maker or endorsers. A party cannot be made a witness in his own case except by filing interrogatories, as provided in the Code of Practice.

not to have been listened to, in such a manner, as to embarrass him in his judicial pursuit, to recover from these parties, the sum promised in it. The exception to Gormley's claim against Foucher, for a deficiency in the land sold by the latter to the former, which *land* is alleged to have formed the consideration of the note, should have been sustained, and the claim in warranty dismissed, so ought the proceedings against Miller, if he had excepted to it. But as he has chosen to acquiese in it, and united with his adversary against Foucher, we are of opinion, that he must submit to the consequences which his course of conduct has brought on him, and abide the judgment which was rendered against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, in this case rendered, be affirmed, with costs, saving and reserving to the parties, defendants, all right of actions in warranty, which they may legally have amongst themselves.