## CHALARON vs. VANCE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A note given in part payment of a contract, for erecting certain buildings secured by a mortgage on the ground, is negotiable, and it is no defence against it, either in the hands of the original or subsequent holder, that the buildings were not completed according to contract.

The paraph of a notary *ne varietur*, on a negotiable note, does not, in any manner, change the nature of its negotiability.

When there is no good and substantial cause for an appeal, it will be considered as frivolous, and taken for delay. In such cases, the judgment appealed from will be affirmed with ten per cent. damages.

This suit commenced by the executory proceedings, in which an order of seizure and sale was obtained against a piece of ground, mortgaged to secure the payment of several promissory notes, executed by the defendant, one of which, amounting to one thousand seven hundred and thirty-three dollars and thirty-three cents, had become due. The plaintiff alleges he is the *bona fide* holder of said note, now due and unpaid, and prays that the mortgaged premises be seized and sold to pay the same.

The defendant set up several grounds of defence, and resisted payment mainly on the ground that the work, for

which the note now sued on was given in part payment, was not executed according to contract. He obtained an injunction.

The evidence shows the note was endorsed by the payee, in blank, and taken by the plaintiff, in due course of business.

The district judge, considering a difficulty existed, in relation to the mortgaged property, which was intended to secure the whole series of notes given, refused to order the premises to be seized and sold to satisfy this note alone, until the other notes came in for their proportion.

Judgment was rendered against the defendant, for the amount of his note, with interest and costs, reserving the hypothecary rights of the plaintiff, concurrently with the holders of the other notes, against the mortgaged property.

*Canon*, for the plaintiff.

*Gray, contra.*

*Mathews, J.*, delivered the opinion of the court.

This is a suit, brought by an endorsee and holder of a promissory note, (made in negotiable form) by the defendant. Judgment was rendered against him in the court below, from which he appealed.

The note now sued on, is one of a series of notes, made by the defendant, in favor of a certain Paul Pandelly, in consequence of an agreement entered into between these parties, in which the latter contracted to erect buildings on a lot of ground belonging to the former. In this contract, a mortgage was stipulated, in favor of the builder, to secure the price of building, which was estimated at fifteen thousand nine hundred dollars, for which three series of notes were given, payable in six, nine and twelve months from the date of the contract. The first of these series, consisting of three notes, were made payable six months after date, and to be delivered to the undertaker, when the buildings should be commenced. Of these notes, that on which the present action is

based, is one. They were all identified with the contract and mortgage.

In the commencement of this suit, the plaintiff claimed an order of seizure and sale, in pursuance of the summary mode of proceeding on acts importing a confession of judgment. This mode of pursuit was afterwards changed into the *via ordinario,* and judgment rendered in the manner above stated.

The evidence shows, that the buildings were in progress before the note in question was transferred, by endorsement, to the plaintiff. From this statement, it does not appear to us that the defendant could have any legal or equitable grounds to resist its payment, even in the hands of the original payee, much less, in those of an endorsee and *bona fide* holder, in a due course of trade. It has been settled, long since, that a paraph of a notary *ne varietur,* on a negotiable note, does not, in any manner, change the nature of such an instrument, in relation to its negotiability.

We are unable to perceive any good or substantial cause for the appeal. It must, therefore, be considered as frivolous, and taken for the sake of delay, only.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; and that the plaintiff, in addition to the amount of said judgment, do recover from the appellant and defendant, ten per cent. on the amount thereof, as damages, on account of his frivolous appeal.

CHALARON
*vs.*
VANCE.

A note given in part payment of a contract for erecting certain buildings, secured by a mortgage on the ground, is negotiable, and it is no defence against it, either in the hands of the original or subsequent holder, that the buildings were not completed according to contract.

The paraph of a notary *ne varietur,* on a negotiable note, does not in any manner·change the nature of its negotiability.

When there is no good and substantial cause for an appeal, it will be considered as frivolous, and taken for delay. In such cases the judgment appealed from will be affirmed, with ten per cent. damages.