572          COURT OF APPEALS OF WEST VIRGINIA.

January Term,          Middleton's Ex'r vs. White.          1872

# Charleston.

## H. O. MIDDLETON'S *Ex'r vs.* M. B. WHITE.

### January Term, 1872.

1. Where a bill or declaration shows on its face proper matter for the jurisdiction of the court, no exceptions for want of such jurisdiction shall be allowed, unless it be taken by plea in abatement. Chapter 125, section 16, Code 1868.

2. The evidence of an assignor of choses in action, which contains declarations and conversations with a deceased party, as to the justness of such claims, is incompetent. Code 1868, page 619, section 23.

3. Nor is the objection to the reading of such deposition waived by the consent of the defendants to take it; such consent only being to the taking, and an exception being endorsed at the time as to the incompetency.

4. An objection to a deposition, and endorsed thereon, for incompetency, is not deemed to be waived, by not being insisted on in the court below.

Bill and attachment in equity in the circuit court of Greenbrier county, filed at April rules 1857, by Moorman B. White, against H. O. Middleton. The bill claimed that the plaintiff was assignee of C. A. Stewart, of certain claims, one bond and sundry fee bills, and that the defendant was a non-resident of the state, but had real estate within the jurisdiction of the court. At the September term 1868, the death of the defendant was suggested, and by consent, the cause was revived in the name of the executor, James E. Middleton, and the heirs of the original defendant. In April 1869, by consent, C. A. Stuart was made a party defendant. At the last mentioned term the executor demurred and answered that the original defendant was a resident of the state at the time of the institution of the suit. Nor service of process or order of publication appears in the record. Upon behalf of the plaintiff, the only deposition taken was that of the defendant and assignor, C. A.

Stuart.  He deposed that the claims were just and had been paid; that in 1866, he had presented the claims to H. O. Middleton, who said that he could not then pay them, but would attend to them in a short time; and that his residence was in Annapolis, Maryland.  This deposition was by consent.  At its close, it was excepted to by defendants, because of incompetency, the witness being the assignor of choses in action, and the defendant H. O. Middleton, being dead.  (Acts 1868, page 10.)

For the defendants, the deposition of W. R. Woods was taken, tending to prove payment of the claims, and the residence of H. O. Middleton, in Upshur county, at the institution of the suit.  To the like purport was the testimony of James E. Middleton.

The court below decreed the payment of the demand to the plaintiff, and ordered the sale of certain real estate, in satisfaction thereof

The defendants appealed.

*Dennis* for the appellant.
*Mathews and Matthews* for appellee.

MAXWELL J.  This is an attachment in equity against the estate of H. O. Middleton, as a non-resident defendant.

It is claimed that the court below erred in refusing to dismiss the bill, because Middleton was not a non-resident of the State.

So far as appears from the record, Middleton during his life time was never before the court, but after his decease, his personal representatives and heirs consented that the cause might be revived against them, and at the next term after the cause was so revived, the personal representative filed his answer, alleging among other things, that the defendant, Middleton, at the time of the institution of the suit, was a resident of the state of West Virginia.

By section 16, chapter 125 of the Code, page 601, it is provided that where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exceptions for want of such jurisdiction shall be allowed, unless it be taken by plea in abatement.  By section 19, of chapter 106, of the Code, page 559, it is provided that if a defendant desire to

controvert the truth of facts stated material to the issuing of the attachment, he may file a plea in abatement. In the case of the *Bank of the Valley* vs. *Gettinger*, 3 West Virginia 309, it was decided by this court that this question could only be raised by plea in abatement. The next objection is, that the deposition of Stuart, the assignor was improperly read on the hearing of the cause. The evidence of Stuart was clearly incompetent, as Middleton was not living. Code, page 619, section 23. But it is claimed that all objection to the reading of the deposition was waived by the consent of the defendant to take it. The consent was only to the taking of the depositions, and an exception was taken at the time to its being read, on the ground of incompetency. It is also claimed that all exception to the deposition on the ground of incompetency was waived by not being insisted on in the court below. An exception for incompetency is not waived in this manner. *Scott* vs. *Cook* 4 Monroe's Rep. 280; *Beverly* vs. *Brooke* 2 Leigh 425; *Fant* vs. *Miller* 17 Gratt. 187. The deposition therefore, should have been excluded. Without this deposition, there is no evidence to sustain the decree, except as to the amount of the note for fifty dollars, with interest from November 10, 1860.

The decree complained of will have to be reversed, with costs to the appellant, and the cause remanded.

The other judges concurred.

DECREE REVERSED.