# CHARLESTON

GREENBRIER VALLEY BANK *v.* BAIR *et al.*

Submitted February 6, 1912.    Decided January 28, 1913.

1. JUDGMENT—*Office Judgment—Vacation—Filing Plea in Abatement.*

    A plea in abatement, though tendered at the same term of the court at which an office judgment entered at rules would become final, will not be received to set aside an office judgment.    (p. 685).

2. SAME—*Office Judgment—Pleading.*

    But a plea in abatement, or any plea filed at the first rule day, or which may now be filed at the second rule day, after default at the first, or appearance and rule to plead, will prevent the entry of an office judgment.    (p. 686).

3. SAME.

    Where no writ of inquiry is required, a defendant who would avail himself of other defenses, on losing on his plea in abatement or other dilatory plea, must have filed such plea or some other plea at rules in time to prevent an office judgment; otherwise the office judgment entered at rules will become final on the last day of the next succeeding term of the court, and such other defenses thereafter cut off.    (p. 687).

4. BILLS AND NOTES—*Negotiability—Certainty—Conditions.*

    The words "Credit the maker. Security on contract of April 20, 1905," in a note of the same date, otherwise negotiable, render its payment uncertain and conditional, destroying its negotiability, and the owner and holder thereof by indorsement can not by section 11, chapter 99, Code 1906, maintain a joint action thereon against drawer and indorser.    (p. 688).

Error to Circuit Court, Monroe County.

Action by the Greenbrier Valley Bank against George W. Bair, Sr., and another.    Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*T. N. Reed,* for plaintiff in error.

*McGinnis & Hatcher,* and *Brown, Jackson & Knight,* for defendants in error.

MILLER, JUDGE:

Plaintiff brought *assumpsit* against Bair, maker, and Ely, payee and indorser of a note, dated April 20, 1905, at six

71 W. Va.

months, for sixteen hundred dollars.   Process   to   October
rules, 1907, was directed to Monroe county, where Ely resided,
and to Raleigh county, Bair's place of residence, and duly re-
turned accepted by Ely, and served on Bair by the sheriff of
Raleigh County.

At October rules, plaintiff appeared and filed its declaration,
with statutory affidavit prescribed by section 46, chapter 125,
Code 1906, and defendants failing to appear   or   plead,   the
common order was entered.    At November rules, Ely was still
in default, but Bair appeared, and filed two special pleas in
abatement, but filed no plea to issue.   We decided in *Varney
& Evans v. Lumber Co.,* 64 W. Va. 417, that a plea in abate-
ment, though tendered at the same term of court at which the
office judgment would become final, cannot be received to set
aside an office judgment.   This is old law.    2 Tucker's Com.
236, citing *Hunt* v. *Wilkinson,* 2 Call. 63, 67;   *Bradley*   v.
*Welch,* 1 Munf. 285.   See, also, notes, *Warren* v. *Saunders,* 27
Grat. Anno. 259, and *Smith* v. *Charlton,* 7 Grat. 425.

At the April term, 1908, after striking out, on   plaintiff's
motion, we think rightfully, Bair's special pleas in abatement,
the court refused, on plaintiff's demand and motion, to enter
judment for it, as per affidavit, and over its objection per-
mitted Bair to file his counter affidavit with a general plea of
*non-assumpsit* and a special plea in writing.

Upon the trial of the issue joined on these pleas, plaintiff,
after offering in evidence its affidavit filed with its declaration,
again moved for judgment thereon, which motion the court
again overruled, and it again excepted.   The jury then heard
plaintiff's evidence, defendant offering no evidence, and there-
upon, on motion of Bair, and as directed by the court, the jury
returned a verdict for the defendant.   Plaintiff's motion to
set aside this verdict and award it a new trial was carried over
to the July term, 1908, when it was overruled and the judgment
of *nil capiat* complained of pronounced.   Is the judgment be-
low erroneous?

On the theory of an office judgment against Bair at November
rules, 1907, and that no writ of inquiry was required, the first
point of error is that the court erred at the April term, 1908,
on striking out Bair's pleas in abatement, in permitting him

to file his counter affidavit and pleas to issue. The clerk entered no office judgment against Bair. Did the law enter one on default of plea to issue at November rules, 1907? At October rules, both defendants being in default, the law, if omitted by the clerk, entered the common order, or conditional judgment against both.

Did Bair's pleas to the jurisdiction at November rules, 1907, prevent an office judgment against him, letting him in after the last day of the succeeding term, and after the issue on his pleas to the jurisdiction had been decided against him, to plead to issue and make defense on the merits? At first, in view of prior decisions, and the object of the statute to cut off dilatory pleas unless promptly filed, we were disposed to deny the proposition. But on more mature consideration, on rehearing and reargument, we have concluded that this case must be distinguished from *Marstiller* v. *Ward,* 52 W. Va. 74, 81; *Hurlburt & Sons* v. *Straub,* 54 W. Va. 303; *Bradley* v. *Long,* 57 W. Va. 599; *Bank* v. *Burdelle,* 61 W. Va. 636; *Netter-Oppenheimer & Co.* v. *Elfant,* 63. W. Va. 99, 59 S. E. 892; *Hansford* v. *Snyder,* 63 W. Va. 198; *Varney & Evans* v. *Lumber Co.,* 64 W. Va. 417. In all these cases, we believe, an office judgment had been entered at rules. In the case at bar Bair appeared at the second rule day, within the time now given by section 16, chapter 125, Code 1906, and filed his pleas in abatement. After those pleas could there be an office judgment against him? Such a plea as we have decided will not set aside an office judgment once entered; but will it when filed at rules prevent an office judgment? Section 44, chapter 125, Code 1906, says what shall be done at rules. If defendant appears at the first rule day, but fails to plead, a rule may be given against him to plead, not a conditional judgment. It is only when he fails to appear that the plaintiff may have the conditional judgment. In this case he failed to appear at the first rules and there was a conditional judgment; but at the next rule day he did appear and filed his pleas in abatement. The statute does not say "plea to issue." It says: "But at the next rule day after the same is entered" (a decree *nisi* or conditional judgment) "if the defendant continue in default, or at the expiration of any rule upon him with which he fails to comply,

\*  \*  \*  \*  if it be at law, judgment shall be entered against him"—that is an office judgment.    If defendant has failed to appear and suffered a conditional judgment, or has appeared and been ruled to plead, and at the second rule day continues in default of a plea, judgment in the clerk's office—the office judgment—is then entered against him.    If he does appear at the second rule day and pleads any plea authorized by law the statute would seem to cut off an office judgment.

Section 46, of chapter 125, relied on, it must be remembered deals only with proceedings in court, after default, and after an office judgment has been entered.    When that is the status of the case, according to our decisions, no plea not a plea to issue will set aside the office judgment.    But our statute and decisions do not cover a case where there has been no office judgment.    Besides the statute, old forms of orders  making up issues on pleas in abatement filed at rules and conditional judgment, and the cases of *Hinton* v. *Ballard,* 3 W. Va. 586, and *James River & Kanawha Co.* v. *Robinson,* 16  Grat.  435, seem to imply at least, that any plea by defendant  at  rules, which he is permitted to file will prevent an office judgment. See Robinson's Forms No. 39, page 21; 4 Minors Inst., part 1, page 720; 1 Robinson's Practice, (Old) pp. 286, 289.

It is contended on behalf of Bair, that section 20, of chapter 125, has changed the common law rule, which required final judgment if the defendant lost on his pleas in abatement; and that section 21 giving right to plead in bar and abatement at the same time does not require defendant to do so; but gives him that right if he so elects, and that though he has not pleaded in bar, he may after he has lost on his plea in abatement avail himself of that provision thereof, which says, that if the issue on his plea in abatement be found against him "he may, nevertheless, make any other defence he may have to the action." We think the proper interpretation of that section is, that where no writ of inquiry is required, a defendant who would avail himself of other defenses, on losing on his plea in abatement or other dilatory plea, must have filed such plea or some other plea at rules in time to prevent an office judgment; otherwise the office judgment entered at rules will become final on the last day of the next succeeding term of the court,  and  such

other defenses thereafter cut off.    This we think is in consonance with our previous decisions.    It is said that this section, being remedial, must be given a liberal construction; but we must not forget that section 46, of the same chapter, *in pari materia,* was intended to prevent delay by dilatory pleas, and to speed the administration of justice.

Our conclusion is that as defendant's pleas in abatement prevented an office judgment at rules there was no error in permitting him, at a subsequent term, on striking out these pleas, to file his counter affidavit and pleas to issue; and it follows that the court below committed no error in overruling plaintiff's motion for a judgment as per affidavit, certainly as against the defendant Bair.

The next point is, that the court below, on motion of Bair, erroneously struck out plaintiff's evidence, including the note sued upon, and directed a verdict for defendant.    As appears, the ground of this motion was the alleged variance between the note declared on and that offered in evidence.    The note declared on is alleged to be a negotiable note; the note introduced in evidence seems to answer the description of the note declared on, with this exception, that in the body of the instrument and immediately before the signature of the maker, Geo. W. Bair, Sr., are the words, "Credit the maker.    Security on contract of April 20, 1905."    Our statute, section 7, chapter 99, Code 1906, in force when this note was made, made every promissory note payable in this State at a particular bank, and certain other places, a negotiable note.    The note here in question is of that description, and it has all the other elements of negotiability necessary to cut off equitable    defenses,    when    purchased in the usual course of business, without notice of such equities, except in respect to the words quoted.    Do these words render its payment conditional and uncertain, so as to destroy its negotiability?    We are of opinion that they do.    By the law merchant, one of the principal elements of negotiability is, certainty of payment, and any words of the instrument rendering payment conditional or uncertain destroy it as a negotiable instrument.    The words "Security on contract of April 20, 1905", gives notice to the world that it is only a security on a contract of the same date.    What that contract is or was is

not disclosed, but enough is disclosed to put everyone dealing with the instrument on notice.    The note here involved is different in this respect from that dealt with in *Trust Co.* v. *Crawford*, 69 W. Va. 110.   In *Costelo* v. *Crowell*, 127   Mass. 293, the note in question had written on the margin "Given as collateral security with agreement," and it was held not to be a negotiable note on which an indorsee could maintain an action. The words of the note we have here imply at least that if the cotemporaneous contract should be fulfilled, the note given as security would become void, and payment thereof conditional only.    As the Massachusetts court says, the decisions cited on the subject are not uniform, but in that Commonwealth it is said to be settled by an uninterrupted series of decisions    also cited, "that any language, put upon any portion of the face or back of a promissory note, which has relation to the subject-matter of the note, by the maker of it before delivery, is a part of the contract; and that if by such language payment of the amount is not necessarily to be made at all events, and of the full sum in lawful money, and at a time certain to arrive, and subject to no contingency, the note is not negotiable."   Another case even more apt is *American Nat. Bank* v. *Sprague*, 14 R. I. 410.    Other illustrations of the application of the rule respecting certainty of payment to individual   cases    will    be found in Daniel on Neg. Instr., section 41, and note.   On consideration of which we are of opinion, with respect to the question of negotiability, and with respect also to the words of the instrument, which we hold render the note here involved non-negotiable, there is a fatal variance, and that the note was not admissible in evidence under the declaration, and that the court below committed no error in so holding.

But did the court err, as the plaintiff claims, (1) in striking out all of plaintiff's evidence; (2) in directing a verdict for defendant, without permitting it as proposed to offer evidence that Bair had not complied with the cotemporaneous contract; (3) in not setting aside the verdict of the jury and awarding the plaintiff a new trial; (4) in pronouncing the judgment of *nil capiat* complained of?   We think not.   If we are correct in holding that the note adduced in evidence is not negotiable, a joint action thereon, by section 11, chapter 99, Code 1906,

against drawer and indorser, cannot be maintained. This being so no amendment of the declaration to suit the proof, nor evidence of the non-compliance by defendant Bair of the contract referred to in the note would be availing; so that plaintiff having declined permission to take a non suit the only judgment which the court could pronounce, was the judgment complained of. This ruling is fully supported, we think, by our case of *Bank* v. *Hysell*, 22 W. Va. 142.

The judgment below will, therefore, be affirmed.

*Affirmed.*