# CHARLESTON.

MARY JACKSON RUFFNER *v*. CUNARD STEAMSHIP CO., LTD.

Submitted April 25, 1923.   Decided June 5, 1923.

1. CORPORATIONS—*Return of Service on Foreign Corporation Held Sufficient.*

Where, in an action against a foreign corporation, the official return of the sheriff shows that the process was served upon the defendant by delivery of an exact copy thereof to defendant's agent in the county in which such agent resides and in which county the defendant corporation is doing business, that there is no president, or other chief officer, secretary, cashier or treasurer of defendant in this state upon whom the process could be served, and that there is no person appointed pursuant to law by the defendant to accept service of process for it in this state, the return is sufficient.   (p. 216).

2. SAME—*Whether Corporation at Time of Service on Agent was Doing Business in County Where Served, or Whether Person Served was its Agent, not to be Raised and Decided on Motion to Require Amended Return.*

Whether at the time the service was had upon the agent the defendant corporation was doing business in the county where the process was served or whether the person upon whom the process was served was the defendant's agent are questions of fact; but such questions of fact can not be raised and decided upon motion of defendant to permit or require the officer to amend his return, supported by affidavit or other evidence.   (p. 221).

3. PROCESS—*Whether Corporation was Doing Business in County Where Served and Whether Person Served was its Agent, Decided Only on Issues Raised by Timely Plea in Abatement.*

Under section 15, chapter 125, Code, such questions of fact can be decided in the case only on issues raised by plea in abatement filed in due time.   (p. 217).

4.  **Same**—*Where Process Regularly Served, Error to Require*
    *Sheriff to Amend Return in Accordance With Court's View*
    *as Shown by Supporting Affidavits.*

    Where the process appears to have been regularly served
    as in this case, it is error, on defendant's motion, on affidavits
    and other evidence filed, tending to contradict the return, to
    require the sheriff to amend his return in accord with the
    trial court's view of the facts as shown by the affidavits and
    other evidence adduced, and thereby render the return de-
    fective and subject to motion to quash.     (p. 215).

5.  **Corporations**—*Sale of Steamship Tickets Within State Con-*
    *fers Jurisdiction in Action Against Foreign Steamship Com-*
    *pany for Passenger's Personal Injuries; "Doing Business."*

    Agents of a foreign steamship company regularly keep on
    hand in this state a supply of first, second and third class
    steamship tickets, which entitle the purchasers to designated
    accommodations and carriage to be furnished by the com-
    pany; they inquire of the company for space accommoda-
    tions, before selling first and second class tickets, but with
    this information and the prices once furnished, they make
    sales, deliver the tickets and accept the purchase price;
    usually third class tickets are sold and delivered and the
    price received without inquiry for space reservations.     The
    tickets once sold and delivered, the company exercises no
    right to reject the passenger.     Business so conducted, and as
    detailed in the opinion in this case, constitutes doing busi-
    ness in this state, by such steamship company, within the
    meaning of our statutes, so as to give our courts, in the
    county where such agents transact such business and wherein
    they reside, jurisdiction in an action against the steamship
    company for personal injuries received by a passenger while
    on its lines.     (p. 222).

6.  **Same**—*In Absence of any Other Proper Person, Process May*
    *be Served on Agent of Foreign Steamship Company in Coun-*
    *ty of Residence and Where Transacting Business for Prin-*
    *cipal.*

    In the absence of any other proper person in this state upon
    whom the process may be served, in such case it may be
    served upon such ticket selling agent in the county in which
    he resides and transacts such business for his principal.
    (p. 222).

Error to Circuit Court, Kanawha County.

Action by Mary Jackson Ruffner and others against the

Cunard Steamship Company, Limited. Judgment of abatement and dismissal was entered, and plaintiffs bring error.

*Reversed and remanded.*

*Staige Davis* and *Harold A. Ritz* for plaintiffs in error.

*Price, Smith, Spilman & Clay,* for defendant in error.

MEREDITH, JUDGE:

This is an action to recover damages for personal injuries received by one of plaintiffs while a passenger on one of defendant's steamships. The cause of action arose at Cherbourg, France. The suit was brought to September rules, 1922; at that same rules the declaration was filed and common order was taken thereon; at the October rules following, there being no appearance by defendant, the common order was confirmed and order of inquiry entered. The defendant is a foreign corporation; service of the summons was had on two of its purported agents, resident in Kanawha County, and upon the State Auditor. Defendant applied to this court for a writ of prohibition, to prevent the circuit court of Kanawha County from trying the case, alleging that it had no jurisdiction. In an opinion written by Judge LITZ, we held that at that stage, as the declaration stated a case which the court had the undoubted right to try, and as the returns of service of process were regular upon their face, prohibition was not a proper remedy. *State ex rel. Cunard Steamship Co. Ltd.* v. *Hudson, Judge,* 93 W. Va. 209, 116 S. E. 511.

Thereupon, on April 23, 1923, the defendant made its first appearance in the case, by appearing specially and craving oyer of the returns of service, which were thereupon read into the record. The one showing service upon David W. Patterson reads as follows:

"Executed the within process on this 29th day of July, on the within named CUNARD STEAMSHIP COMPANY, LIMITED, a foreign corporation, by delivering an exact copy thereof to David W. Patterson in person in Kanawha County, West Virginia, in

which said County the said David W. Patterson re-
sides, he the said David W. Patterson being Agent
of the said Cunard Steamship Company, Limited, in
which said County of Kanawha the said Cunard
Steamship Company Limited is doing business, there
being no President or other chief officer, Secretary,
Cashier or Treasurer of said Cunard Steamship Com-
pany Limited, in said State upon whom said process
could be served, and there being no person appointed
pursuant to law by the said Cunard Steamship Com-
pany Limited, to accept service of process for it in
said State.

                            H. A. WALKER, *Sheriff*
                    By C. C. CANTERBURY, D.S.K.Co."

The return as to the other copy showed service upon
George N. Hancock, on August 2, 1922, but in other respects
is identical with the return as to Patterson. The return of
service on the State Auditor fails to show that defendant was
authorized to do business in this state, and is admittedly de-
fective, though that return, as well as the others, shows that
the defendant is doing business in Kanawha County as a
foreign corporation. Defendant then moved the court for
leave to permit the sheriff of Kanawha County to amend
his returns "by striking therefrom all statements that the
defendant, Cunard Steamship Company, Ltd., is or was doing
business in the said County of Kanawha," and in support of
its motion certain affidavits, testimony of divers witnesses,
certificates and stipulations of counsel were filed. On final
hearing the trial court was of opinion that defendant was
not doing business in Kanawha County at the time of the
service of the summons; directed the sheriff to amend his
returns by striking therefrom the words "in which said
County of Kanawha the said Cunard Steamship Company
Limited, is doing business"; to this ruling plaintiffs excepted.
Defendant then moved the court to quash the returns as
amended; this the court did, and abated and dismissed the ac-
tion. Plaintiffs again excepted and obtained a writ of error
from this court.

There are but two questions presented: (1) Could the de-
fendant attack the returns of service by motion addressed

to the court requiring or permitting the sheriff to amend his returns so as to render the returns defective, or should defendant have pleaded in abatement as required by section 15, chapter 125, Code? (2) If the court was right in its procedure, under the facts proved did it properly hold that defendant was not doing business in Kanawha County, West Virginia, and properly abate and dismiss the action?

Plaintiffs complain of the action of the court in entertaining defendant's motion to direct the sheriff to amend his returns; they say that this is directly contrary to section 16, chapter 125, Code; that the only way defendant could attack the jurisdiction of the court was by pleading in abatement and in the time required by that section. This is not a case where amendment of the return was sought by the sheriff. He appears to have been willing that his original return should stand as made. The amendment was not made on his motion, but by the order of the court, on defendant's motion. There are three sections of chapter 125, Code, that refer to pleas in abatement, sections 14, 15 and 16. Section 14 abolishes pleas in abatement for misnomer. With that section we are not concerned. Section 15 applies to pleas in abatement for defects in the writ or for variance between the writ and the declaration. It reads:

> "In other cases, the defendant on whom the process summoning him to answer, appears to have been served, shall not take advantage of any defect in the writ or return, or any variance in the writ from the declaration, unless the same be pleaded in abatement. And in every such case the court may permit the plaintiff to amend the writ or declaration so as to correct the variance and permit the return to be amended upon such terms as to it shall seem just."

Section 16 reads:

> "Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed, unless it be taken by plea in abatement; and the plea shall not be received after the defendant has pleaded in bar, or answered to the declaration

94 W. Va.

> or bill, or later than the next succeeding rules after
> the rules at which a rule to plead or a conditional
> judgment or decree nisi is entered. And in all cases,
> including where the defendant is a corporation, the
> plea in abatement may be verified by the attorney
> or agent of the defendant.''

The declaration in this case ''shows on its face proper matter
for the jurisdiction of the court.'' This is admitted by de-
fendant's counsel; but they say it is not a question of juris-
diction as to the matter pleaded, but jurisdiction of the
person of defendant that is involved. For this reason they
say section 16 has no application. It does not refer to the
writ or return; that is covered by section 15. But they say
that section 15 has no bearing on the question here, and that
''This is not a question of any defect in the writ or the return
or any variance in the writ from the declaration . . . . Neither
the writ nor the return, strictly speaking, is defective, nor is
there any variance''; that the matter is one involving the
inherent power of the court to proceed in any event by any
kind of writ or process or declaration against the defendant,
a foreign corporation, that has never done any business in
this state. And for their position that the objection to lack
of jurisdiction over defendant's person may be made by
motion, they refer to *Hilton* v. *Consumers' Can Co.*, 103 Va.
255, 48 S. E. 899. In that case plaintiff sued out an attach-
ment against a foreign corporation, and garnishee process
was issued against a number of the defendant's debtor's.
Defendant gave bond to release the estate attached. An order
of publication was awarded; defendant moved the court to
quash the attachment and to discharge the bond. The court
quashed the attachment but refused to discharge the bond.
At a subsequent term, the court, on the defendant's motion,
dismissed the case because the court had no jurisdiction.
Plaintiffs contended that this was error; that the question
of jurisdiction of the court over the defendant could only
be raised by a plea in abatement. To that contention the
court answered: ''The view relied upon by plaintiffs in
error applies to a defendant who has been summoned to ap-

pear, or who, by appearance, has waived the summons. It, of course, can not be said that a defendant who is not before the court either by appearance or by summons can be required to interpose any plea. That would be a contradiction in terms. The obligation to plead implies the service of a summons or the waiver of a summons, and in this case there was neither the one nor the other.''

But that is not this case. There was no summons served or purported to be served there; and it so appeared from the record. Hence the court in point three of the syllabus says:

> ''Where all the facts on which a claim on the part of defendant that the cause should be dismissed on the ground that no jurisdiction was obtained by the process appears on the record, defendant's remedy is not by plea in abatement, but by appearance to move for dismissal.''

Defendant's counsel also quote from *Lane Bros.* v. *Bauserman*, 103 Va. 146, 48 S. E. 857:

> ''It is well settled that, if process be illegally issued or executed, the validity of such process or return can be raised by a motion to quash, as well as by a plea in abatement.''

That is true, if the illegality appears upon the face of the record. In that case there would be no need of a plea. The object of a plea is to bring into the record some matter of fact that would not be there without it. If the fact already appears, the plea is useless; but if it does not appear, then the plea brings it in. The rule is clearly stated in *Nye* v. *Liscombe*, 21 Pick. (Mass.) 263, and is quoted in the Hilton case, supra: ''We take the rule to be this: where the matter on which the defendant relies to abate the suit is a fact not appearing upon the record or the return of the officer, it must be pleaded in abatement, so as to give the other party an opportunity to traverse and try it. But where all the facts upon which the claim to have the process abated is founded appear by the record, including the return of the officer, of which the court will take notice without plea, there

the action may be dismissed on motion. In that case the motion is not intended to state new facts, but merely to bring to the attention of the court, and also to furnish notice to the other party, of those facts appearing on the record and return, which of themselves are sufficient to show that the action can not be properly proceeded in for want of due service or other defect in the pleadings." See also 5 Rob. Pract. chapt. XII.

From the return in the instant case it appears that defendant has been regularly summoned; if the original return is true, then the trial court had jurisdiction over the person of defendant and could render a valid personal judgment. But defendant says that the return is false; that it stated that defendant is doing business in Kanawha County, when as a matter of fact that was not true then and never was true. Instead of pleading such matter in abatement, it seeks, long after the time in which it is permitted to so plead has passed, to introduce the same matters of fact in a different way,—by affidavits and certificates and testimony taken on cross-examination of the affiants; and in this way have the court determine the question of jurisdiction; and having that determined adversely to plaintiffs, then by motion to require the sheriff to amend his return. This practice is in the very face of our statute; to hold that this might be done would virtually repeal section 15, chapter 125, Code. That says that advantage of any defect in the writ or return can only be taken by plea in abatement; not by affidavits or depositions or other evidence filed on motion to quash, but by proper plea in abatement, which must be filed in due time. It may be that under the practice in other jurisdictions, such defects in the writ or return may be introduced into the record in the manner sought here; but we hold it can not be done under our system.

In *Hinton, Adm'r.* v. *Ballard,* 3 W. Va. 582, the writ was made returnable to February rules, at which time the declaration was filed. There was an insufficient return of service. At a special term held July 27th, following, the officer, on plaintiff's motion, had leave to amend his return; the amend-

ment was made in open court. On August 10th, the officer, upon his own motion, had leave further to amend his return and this amendment was made in open court. Defendant then offered to introduce evidence to disprove the truth of the last amended return in two particulars: first, to show that the summons was not left at the defendant's usual place of abode; and, second, that it was not explained to the person to whom the process was delivered. The court over-ruled the motion and rejected the evidence. This court, in an opinion written by Judge MAXWELL, affirming a judgment for plaintiff, said:

> "The defendant then attempted to take advantage on motion of what he only could reach by plea in abatement, and the court very properly refused to allow him to do so. If the defendant had offered a plea in abatement instead of making his motion, I think it would have been the duty of the court to have allowed it to be filed even in that stage of the case. It was the first appearance of the defendant, and at the very moment before he did appear, the return on the process which he alleged to be false was made. Up to that time he was not required to appear, because process did not appear to have been executed upon him. If the return had been made at first in the form as last amended, the defendant could then have taken advantage of it only by filing his plea at rules, but as the return did not exist in its present form at rules it seems to me that he must have an opportunity to contest it in the mode prescribed by law by his plea in abatement. *Hunt* v. *Wilkinson*, 2 Call (Va.) 49.''

See also *Greenbrier Valley Bank* v. *Bair*, 71 W. Va. 684, 77 S. E. 274.

Until our recent case of *Nuttallburg Smokeless Fuel Co.* v. *Bank*, 89 W. Va. 438, 109 S. E. 766, it had generally been held that the truth of the sheriff's return of service on a summons was conclusive, in the absence of fraud or collusion on the part of plaintiff; but we departed from the long established rule in that case. In Virginia it seems that in the absence of fraud or collusion on the part of plaintiff, the return of the sheriff on process, sufficient on its face, can not

be attacked, even by plea in abatement filed in due time. *Sutherland* v. *Peoples' Bank,* 111 Va. 515, 69 S. E. 341. This accords with my personal view, but our early case of *Hinton Adm'r.* v. *Ballard, supra,* is authority to the contrary, as is also the Nuttallburg case. In the last mentioned case it was held:

> "Upon a proceeding to vacate a judgment taken by default in a case in which the defendant had no notice of the pendency of the action in any manner or form, the return of the officer endorsed upon the summons is only *prima facie* evidence of service and may be overthrown by proof of such lack of notice."

But Judge LIVELY in the opnion in that case was careful to distinguish between cases where there was judgment by default upon no notice, either actual, presumptive or constructive and where there has been notice and a technicality is relied upon, "or where the defendant has appeared and denies service, but has an opportunity to defend. In the latter instance we would deny the right to question the return." We do not understand this case to deny defendant's right to controvert the truth of the return by plea in abatement, but it must be filed in due time. Now in the instant case, the purported agent upon whom the summonses were served, immediately mailed the defendant, at its New York office, copies of the summons and by letter gave it further notice, inquiring what they should do. Defendant wrote them to do nothing; that the matter would be handled by their attorneys; so defendant had actual notice of the pendency of the action before the declaration was filed. It could have pleaded in abatement at rules, but failed to do so. Under these circumstances it can not say it had no day in court to test the matter of jurisdiction. It had ample time for that purpose. Space will not permit a discussion of the many cases of this court in which this question has been considered, but we refer to the following: *Bank of the Valley* v. *Gettinger,* 3 W. Va. 309; *Middleton* v. *White,* 5 W. Va. 572; *McGraw* v. *Roller,* 47 W. Va. 650, 35 S. E. 822; *Empire Coal & Coke Co.,* v. *Hull Coal &*

*Coke Co.,* 51 W. Va. 474, 41 S. E. 917; *Mankin* v. *Jones,* 63, W. Va. 373, 60 S. E. 248; *Pennington* v. *Gillaspie,* 63 W. Va. 541, 61 S. E. 416.

We hold that the trial court was in error in permitting the defendant to controvert or to attempt to controvert the facts stated in the return by filing affidavits or other evidence, on motion to require or permit the amendment to be made to the return. There was no issue made and none to try, such as there would have been had a proper plea in abatement been filed.

But assuming that the defendant could controvert the truth of the return in the way it sought to do, do the facts proved upon the hearing of the motion, show that defendant was or was not doing business in Kanawha County at the time of the service? This is the second proposition.

In the case wherein the Steamship Company applied to this court for a writ of prohibition, above referred to, Judge LITZ uses the following language in regard to the facts proved:

> "It appears that the said David W. Patterson and George N. Hancock and Kanawha National Bank of Charleston are, and for some time have been, engaged in the City of Charleston, at the places of their other and regular businesses, in selling on commission steamship tickets for relator. They keep in supply and for sale tickets for first, second, and third class passage. They communicate with the steamship company for space before selling first and second class tickets, but sell third class or steerage space tickets without inquiring, on the assumption that such accommodation is always available. The ticket accounts of these ticket sellers are periodically checked up at their places of business by inspectors or directors sent by the steamship company for that purpose. Upon the sale of tickets the ticket seller immediately transmits the purchase price therefor, less his commission, with notice of sale of ticket; the company requiring the payment to be remitted three weeks before the sailing date. In some cases the passenger takes the ticket received from the ticket seller to the office of the company at the port of embarkation, and exchanges it for a ship ticket before going to the vessel.

> In other cases he goes directly to the vessel and presents the ticket for transportation. Otherwise, these ticket sellers have no authority, and do not undertake, to represent the company.''

Substantially the same facts appear in this record as appeared then. That agents Patterson and Hancock have the right to complete contracts of sale and delivery of tickets to prospective passengers upon defendant's lines there can be no doubt. Indeed, they so state; they actually make such contracts, and without any specific direction from the company in the particular case. True, if one wants a first-class passage, the local agent, before selling a ticket for any particular space, communicates with his principal to see whether such space is available, and possibly to obtain the price. But this information once furnished him, he sells and delivers the ticket and collects the purchase money. The defendant exercises no right to reject the passenger; but the defendant executes the contract by furnishing the passenger accommodations agreed upon through its local agents. So no matter whether the ticket be first, second or third class; the contract therefor is made in Kanawha County through defendant's local agents. They collect the purchase price, take out their commissions, and remit the remainder to defendant. Nothing remains to be done on the part of defendant to make the contract binding upon it. It has been suggested in the argument by defendant's counsel that a ticket for transportation is not ordinarily a contract. If the ticket is not a contract, it is nevertheless evidence of it. Respectable authority holds that a passenger's ticket is both a receipt and a contract, *Railroad Co.* v. *Ashby,* 79 Va. 130; but if it be not a contract, it is evidence of an implied contract that the carrier will carry the passenger in accordance with the terms of the ticket. 2 Michie, Carriers, sec. 2213, and authorities cited. And when defendant's agents sell and deliver tickets and accept payment therefor, under authority of defendant so to do, they make contracts none the less binding on defendant, even though the contracts be merely implied. The contracts detailed in the evidence were made in Kanawha County,

by defendant's authority.     These agents upon whom the process was served had been performing the same service for defendant for years and are still doing so, doing thousands of dollars' worth of business for the defendant.   It would be splitting hairs to say that this was "not doing business in this state" within the terms of our statute, sec. 1, ch. 123, Code. Nor can we doubt that Patterson and Hancock, from the nature of the business done by them, were agents within the meaning of our statute relating to service of process, and such that process in this action could be served upon them. "The test of agency within the meaning of the statute is, whether the nature of the agent's employment is such that it may reasonably be supposed that notice will through him reach the corporation."   *County Court* v. *U. S. F. & G. Co.,* 87 W. Va. 504, 105 S. E. 787.

We have carefully examined the many authorities cited by counsel on the question whether defendant was doing business in this state within the meaning of our statute; they involve a state of facts so different from the facts disclosed here as to render them in large measure inapplicable.   An analysis of the cases cited might be interesting but it would render this opinion too long and would serve no useful purpose.   We are of opinion that the record in this case clearly shows that defendant was at the time of service of the writ doing business in this state, through its duly constituted agents, Patterson, Hancock, and Wilkinson; that the process in the action was legally served and that the circuit court had jurisdiction to try the action.

The order of the circuit court requiring the sheriff to amend his return is erroneous and will be set aside, and the returns of service restored as they were originally made; the order quashing the returns as amended and abating and dismissing the action will be reversed and the case remanded for further proceedings.

*Reversed and remanded.*