(107 So. 896)

. No. 25434.

## OUACHITA NAT. BANK v. CARPEN-TER et al.

(March 1, 1926. Rehearing Denied March 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. Bills and notes ⚖➾166—Note containing paraph "ne varietur, in conformity with an act of sale and mortgage," held negotiable. (Act No. 64 of 1904, § 3).

Notarial paraph on note, negotiable in form, "ne varietur, in conformity with an act of sale and mortgage of an automobile," which was written in separate sentence from unconditional promise to pay, *held* not to destroy negotiability of note, in view of Act No. 64 of 1904, § 3; its sole purpose being to identify note with act of mortgage.

2. Bills and notes ⚖➾343—Notarial paraph, referring to sale and mortgage, held insufficient to put transferee on inquiry.

Notarial paraph on note "ne varietur, in conformity with an act of sale and mortgage of an automobile," *held* not sufficient to put transferee of note, negotiable in form, on inquiry as to such sale and mortgage.

Appeal from Fourth Judicial District Court, Parish of Morehouse; Fred M. Odom, Judge.

Action by the Ouachita National Bank against J. F. Carpenter and others. From a judgment for plaintiff, certain defendants appeal. Affirmed.

Madison & Madison, of Bastrop, for appellants.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee.

ROGERS, J. On April 7, 1920, S. C. Blackman, trading as the S. C. Blackman Auto Company, sold to the defendants J. F. Carpenter and A. T. Turpin one Monarch crawler type tractor for the price of $2,850, of which sum $1,000 was paid in cash, and the balance was represented by two promissory notes for $925 each, bearing interest and containing a provision for 20 per cent. attorney's fees if placed in the hands of an attorney for collection. The notes were paraphed "ne varietur" in conformity with the act of sale and mortgage of the tractor by the notary before whom said instrument was executed.

On April 29, 1920, the Ouachita National Bank, the present plaintiff, purchased the notes from S. C. Blackman. They were not paid at maturity, and plaintiff sued the makers and S. C. Blackman to recover the amount of said notes, together with the attorney's fee as stipulated therein.

Defendants Carpenter and Turpin answered, alleging that the notes were nonnegotiable; that they were subject to the contract entered into between the makers and the payee; and that the consideration of said contract having failed, the notes were without consideration, and they were not liable thereon. In the alternative, they averred that, if the court should hold that the notes were negotiable and acquired by plaintiff for value before maturity, and they were liable thereon, they should have judgment against S. C. Blackman for the amount of the notes, principal, interest, and attorney's fees, and for the $1,000 paid by them on delivery of the truck, subject to a credit for the value of the tractor as said value may be ascertained by foreclosure suit or otherwise.

There was judgment in favor of plaintiff against all the defendants for the amount of the notes, principal, interest, and attorney's fees, and as between the defendants annulling the sale of the tractor, and granting a further judgment in favor of Carpenter and Turpin against Blackman for $1,000 paid on account of the purchase price of the tractor, and for the full amount of the judgment rendered against them in favor of the Ouachita National Bank.

From this judgment J. F. Carpenter and A. T. Turpin have appealed.

The sole question presented is whether or not the following paraph appearing on the notes, viz.:

"Ne varietur, in conformity with an act of sale and mortgage of an automobile, passed before me, this date. Bastrop, La., April 7, 1920, D. Turpie, Clerk, D. C., and Ex Officio Notary Public."

—restrains or qualifies the promise to pay so as to make it conditional, thereby destroying the negotiability of the notes.

Appellants contend that the words "in conformity with an act of sale and mortgage" are sufficient to make the contract a part of the notes; to subject the promise to pay to the conditions in said contract; and to give notice of the existence thereof to a prospective purchaser.

[1, 2] There are two reasons why the notarial paraph does not have the effect contended for by appellants. In the first place, the sole purpose of a notary's paraph is to identify the note with the act of mortgage or other instrument. It does not render the note nonnegotiable, nor is it a circumstance calculated to create a reasonable suspicion sufficient to put the transferee upon inquiry. Fusilier v. Bonin, 12 Mart. (O. S.) 235; Canfield v. Gibson, 1 Mart. (N. S.) 143; Abat v. Gormley, 3 La. 238; Chalaron v. Vance, 7 La. 571. In the second place, the notes are negotiable in form. The words "in conformity with an act of sale and mortgage" are in a separate sentence from the unconditional promise to pay, and bear no relation to, and have no connection with, that promise. In fact, the entire paraph is nothing more than a mere statement of the transaction which gave rise to the instruments, and in nowise has the effect of destroying their negotiability. Section 3 of Act 64 of 1904 (Negotiable Instrument Law); Tyler v. Whitney-Central Bank, 102 So. 325, 157 La. 249.

For the reasons assigned, the judgment appealed from is affirmed.