## NEWMAN v. SCHWARZ.*
### No. 14619.

Court of Appeal of Louisiana. Orleans.

March 12, 1934.

Cahn & Cahn, of New Orleans, for appellant.

Titche, Kiam & Titche, of New Orleans, for appellee.

WESTERFIELD, Judge.

The question presented by this appeal, one of law, is the negotiability, vel non, of the following rent note:

"160.00 New Orleans, May 2, 1927.

"On the last day of September, 1927, I promise to pay to the order of Myself, One Hundred and sixty and no....Dollars. Value to be received in rent for Month of September, 1927, for the premises upper apartment 2636 Octavia Street. Payable at ———.

"No. ——— Due ———.

"[Signed] L. E. Schwarz."

If the note is negotiable, the judgment appealed from in favor of the plaintiff, Newman, a third possessor, in the sum of $294.13, is correct and should be affirmed; otherwise it should be reversed.

The test of negotiability of a promissory note is the character of the promise. If unconditional it is negotiable; otherwise it is not.

"At the outset it may be observed that for a promissory note to be negotiable the promise to pay must be unconditional. Section 1, Negotiable Instruments Law (Act 64 of 1904). Hence it follows that, although a note may be made payable to order, still, if it should contain a clause or sentence, qualifying or limiting the promise to pay, thereby making the promise conditional, then, notwithstanding that the note is made payable to order, it is not negotiable. Thus, when the promise to pay is made subject to the terms and conditions of a contract referred to in the note, the note is nonnegotiable. Klots Throwing Co. v. Manufacturers' Commercial Co., 103 C. C. A. 305, 179 F. 813, 30 L. R. A. (N. S.) 40; Jenkins v. Parish of Caddo, 7 La. Ann. 559." Tyler v. Whitney-Central Trust & Savings Bank, 157 La. 249, 102 So. 325, 326.

The note under consideration is payable to the "order of myself," and, if the promise may be said to be qualified, it is due to a

superscription in red ink written crosswise of the note, as follows:

"Rent Note Subject to Terms of Lease Dated May 2, 1927."

Counsel for plaintiff states that "punctuation determines negotiability, vel non, in' Louisiana." This statement, it is said; is supported by the ruling in Continental Bank & Trust Co. v. Times Publishing Co. et al., 142 La. 209, 76 So. 612, 617, L. R. A. 1918B, 632, and Tyler v. Whitney-Central Trust & Savings Bank, supra. In the first of the cited cases the note under consideration contained the clause "as per contract dated March 24, 1932," separated from the unconditional promise to pay by a comma, in two of the three reproductions of the note in the opinion. In the third the clause was separated from the promise by a period. The court in the original opinion held the note to be negotiable, but on rehearing held otherwise, saying:

" 'As per' is a sort of law and business term which is hardly susceptible of literal translation, but which we think, when used as in this instance, is commonly understood to mean, in accordance with, or in accordance with the terms of, or, as by the contract authorized. Thus * * * one who draws bills upon another by agreement may write, 'As per agreement, I have drawn,' etc., meaning, in accordance with agreement, or subject to our agreement, or as by agreement authorized. * * *"

In the Tyler Case the court was considering the negotiability of an instrument where the alleged qualification of the promise to pay was contained in a separate sentence, to wit: "Value to be received in rent for store No. 443 Camp street for month of April, 1920, as per lease this date." It was held to be negotiable, the reference to the contract being considered simply as a means of identification of the note and not as a qualification affecting its negotiability. Referring to the decision in the Continental Bank Case, the court said:

"In that case, in the opinion on rehearing, two copies of one of the notes sued upon are given to show the form and essential features of the remaining one. In the first copy the reference to the contract appears in a separate sentence from the one containing the promise to pay. If that copy is the correct one, the decision rendered is in conflict with the authorities cited supra. In the second copy the reference appears in the same sentence as the promise. If that copy is the correct one, then the decision is not in conflict with the authorities cited supra. Manifestly, the court in deciding the case had in mind only one of the two copies mentioned, and the presumption is that it had in mind the correct copy, and failed to detect the error—which was probably a stenographic one—in the other. The question therefore is, Which of the two copies is the correct one? The answer is, the second copy; that is the one in which the promise to pay and the reference to the contract appear in the same sentence."

It will thus be seen that a consideration of these two cases affords much support for the position taken by counsel concerning the effect of the punctuation of rent notes, and, when the dictum of the court in the Continental Bank Case, concerning the meaning and significance of the phrase "as per" as equivalent to "in accordance with agreement," or "subject to our agreement," or "as by agreement authorized," counsel's contention appears in an even stronger light, and if we felt that that language reflected the deliberate conclusion of our Supreme Court in connection with a vital issue in the case, there would be an end to the matter, as far as we are concerned, for, whatever might be our own opinion as a matter of first impression, we would promptly adopt the views of our superiors. But we believe the learned judge, the author of the opinion in that case, having already determined the question of the negotiability of the instrument under consideration, went further than the situation required and inadvertently likened the phrase "as per contract," in its effect upon the negotiability of an instrument, to one reading "subject to our agreement." The clause under consideration here, "subject to terms of lease dated May 2, 1927," strikes us as different in its effect upon the negotiability of the note under discussion than would be the case if it had been phrased "as per terms of lease dated May 2, 1927," and that, regardless of whether it be separated from the unconditional "promise to pay to the order of" by a comma, or, in a separate sentence, by a period.

Counsel says that the location of the clause across the face of the note is about where the usual notarial paraph is placed when the lease is in the form of an authentic act and that, as is well known, the presence of the notarial paraph does not affect the negotiability of rent notes so inscribed. Abat v. Gormley, 3 La. 238; Chalaron v. Vance, 7 La. 571; Ouachita National Bank v. Carpenter, 160 La. 1033, 107 So. 896; Gaines v. Fitzgibbons, 168 La. 260, 121 So. 763. But the notarial paraph is something quite different from the clause we are considering and

amounts only to an identification of the note with the contract of lease and in no sense qualifies the promise to pay so as to make it conditional upon the fulfillment of the obligations of the lessor. Here the note and its payment is qualified by and made to depend upon, or to be "subject to" the terms of the lease. It is not a "courier without luggage," as a negotiable promissory note is sometimes called, but a courier burdened with all the impedimenta of the obligations of the promisee. The fact that the qualifying clause does not appear in the body of the note, but is written across its face, is unimportant. In the case of Klots Throwing Co. v. Manufacturers Commercial Co., 103 C. C. A. 305, 179 F. 813, 814, 30 L. R. A. (N. S.) 40 (U. S. C. C. A., 2d Cir.), the qualifying clause was in a separate sentence, reading "value received, subject to terms of contract between maker and payee of Oct. 25, 1905." It was there held that "the special stipulation in the present note limits and qualifies the obligation to pay so that it is not absolute, but is a prima facie obligation subject to be defeated by the maker's defenses." See, also, 30 L. R. A. (N. S.) 40; Strand Amusement Co. v. Fox, 205 Ala. 183, 87 So. 332, 14 A. L. R. 1121. In Grimison v. Russell, 14 Neb. 521, 16 N. W. 819, 45 Am. Rep. 126, and in Parker v. American Exchange Bank (Tex. Civ. App.) 27 S. W. 1071, it was held that the fact that the qualifying clause is on the back of the note is immaterial; in Costelo v. Crowell, 127 Mass. 293, 34 Am. Rep. 367, that qualifying words appearing on the margin of the note destroyed its negotiability; in Van Zandt v. Hopkins, 151 Ill. 248, 37 N. E. 845, that a qualifying condition, referring to other instruments and appearing after the makers' signatures, rendered the note nonnegotiable; in Greenbrier Valley Bank v. Bair, 71 W. Va. 684, 77 S. E. 274, that a qualifying clause showing upon the face of the note and immediately preceding the signature altered its negotiable character.

In Slaughter v. Bank of Bisbee, 17 Ariz. 484, 154 P. 1040, a note containing the clause "for payment under contract of even date" was held negotiable, but the effect of that clause and what it might have been if made "subject to contract of even date" was considered by the court, which, in discussing the question, said:

"The usual way to condition or to make contingent a promise to pay is to use language clearly carrying that intention and purpose either by direct expression or by reference to some extrinsic contract in such manner as to make the payment of the note subject to the terms and conditions of the contract. * * * If it can be said that the expression 'for payment under contract of even date' fairly or reasonably means that the note was given and its payment was to be made 'subject' to the terms of the contract,' therein referred to, it would follow that, if the contract was executory, the payment of the note was subject to its conditions. * * * It does not mean the same, as suggested by appellant, as the expression, 'this note is made subject to contract of even date,' for in the latter expression there is carried the idea of a subsisting and unfulfilled contract, an executory contract. * * * In the case at bar there is an absence of language to indicate that this note was to be burdened with the conditions of any agreement. At most it is a mere reference to the origin of the transaction and 'constitutes notice of the existence of the contract,' but 'not of the breach thereof.' "

Our conclusion is that the note sued on is not negotiable and that, therefore, the judgment complained of is erroneous.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Lewis E. Schwarz, dismissing plaintiff's suit.

Reversed.